COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JEFFREY W. LAWRENCE (166806)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone: 415/288-4545
415/288-4534 (fax)
jeffreyl@csgrr.com
    – and –
DARREN J. ROBBINS (168593)
RAMZI ABADOU (222567)
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@csgrr.com
ramzia@csgrr.com

[Proposed] Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY McCASLAND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FORMFACTOR, INC., et al.,<br><br>Defendants. | No. C-07-05545-SI<br><br><u>CLASS ACTION</u><br><br>THE CITY OF MONROE EMPLOYEES' RETIREMENT SYSTEM'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF THEIR SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:         February 15, 2008<br>TIME:         9:00 a.m.<br>COURTROOM:    10 |

## NOTICE OF MOTION AND MOTION

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on February 15, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Susan Illston, the City of Monroe Employees' Retirement System ("City of Monroe ERS") will move this Court pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing City of Monroe ERS as lead plaintiff; and (3) approving its selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel.  This Motion is made on the grounds that City of Monroe ERS is the "most adequate plaintiff" to serve as lead plaintiff.  In support of this Motion, City of Monroe ERS submits herewith a Memorandum of Law and Declaration of Ramzi Abadou ("Abadou Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF ISSUES TO BE DECIDED

Presently pending in this District are three related class action lawsuits (the "Related Actions")[1] brought on behalf of persons who purchased or otherwise acquired the publicly traded securities of FormFactor, Inc. ("FormFactor" or the "Company") between April 26, 2006 and October 24, 2007 (the "Class Period"):

| CASE NAME | CASE NO. | DATE FILED |
| --- | --- | --- |
| *McCasland v. FormFactor, Inc.* | No. 07-5545 | October 31, 2007 |
| *Lui v. FormFactor, Inc.* | 07-5894 | November 20, 2007 |
| *Albertazzi v. FormFactor Inc.* | 07-6092 | December 3, 2007 |

---

[1]    On December 18, 2007, the Court entered an Order Relating Case No. 07-5894 (docket #10).

These Related Actions are brought pursuant to §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must decide whether to consolidate the Related Actions prior to selecting a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, the Related Actions should be consolidated because each involves substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). As soon as practicable thereafter, the Court is to appoint as lead plaintiff the person or group of persons with the largest financial interest in the relief sought by the class that otherwise satisfy the requirements of Fed. R. Civ. P. 23. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).

Here, City of Monroe ERS should be appointed as lead plaintiff because it: (1) timely filed its motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any person or groups of persons of which it is aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* Abadou Decl., Exs. A-B.

Finally, City of Monroe ERS' selection of Coughlin Stoia to serve as lead counsel should be approved because Coughlin Stoia possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members. *See* Abadou Decl., Ex. D.

## II.   STATEMENT OF RELEVANT FACTS

FormFactor engages in the design, development, manufacture, sale and support of semiconductor wafer probe cards worldwide. FormFactor was founded in 1993 and is headquartered in Livermore, California.

During the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results. As a result of defendants' false statements, FormFactor stock traded at artificially inflated prices during the Class Period, reaching a high of $49.45 per share on August 30, 2006.

On October 24, 2007, after the market closed, the Company announced that adjustments to inventory valuations would be required with respect to periods prior to the third quarter of 2007. The Company stated in a press release

> that it is unable at this time to release further income statement data with respect to the third quarter. The Company is currently reviewing its historic practices with respect to inventory valuation in light of issues identified by the Company in the course of preparation of financial statements for the third quarter. Based on the review to date management believes that adjustments to inventory valuations may be required with respect to periods prior to the third quarter of 2007. These potential adjustments could change inventory, gross margin, operating margin and net income from the amounts previously reported for the affected periods. The Company has not yet determined the magnitude of these adjustments or whether the adjustments will be reflected in the third quarter financial statements or in a restatement of the affected periods. The Company believes, however, that its third quarter operating margin and net income per share, without giving effect to adjustments in respect of prior periods, should be not less than the 20.5%-21% and $0.38-$0.40 per share, respectively, provided as management guidance in the Q2 earnings call conducted on July 25, 2007.
>
> The Company is working to complete the internal review as promptly as practicable.

On this news, FormFactor's stock declined $7.70 per share to close at $35.54 per share, a one-day decline of nearly 20% on volume of 8.3 million shares, over eight times the average three-month volume.

The true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows: (a) the Company failed to properly account for its obsolete inventory; and (b) the Company was experiencing production constraints related to its new Harmony product which would significantly increase its costs and expenses in order to accelerate its production capabilities. Furthermore, the production constraints would significantly raise the risk that customers with older generation products would seek alternative sources such as the Company's competitors or seek to renegotiate their contracts with FormFactor placing serious pressure on the Company's future revenue.

As a result of defendants' false statements, FormFactor's stock price traded at inflated levels during the Class Period, and after the above revelations became known, the Company's shares were hammered by massive sales, sending them down 28% from their Class Period high.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated for All Purposes

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation* §20.123, at 13-14 (3d ed. 1995). Courts recognize that class action shareholder suits, in particular, are ideally suited to consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids the contacting of parties and witnesses for inquiries in multiple proceedings and minimizes the expenditure of time and money by all persons concerned. *See Serafimov v. Netopia, Inc.*, 2004 U.S. Dist. LEXIS 25184, at *4-*5 (N.D. Cal. 2004).

Here, the Related Actions present virtually identical factual and legal issues, each one alleges violations of §§10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 and each action names the same or similar defendants. Because these Related Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate. *See id.*

### B. City of Monroe ERS Satisfies the Requirements of the PSLRA and Should Be Appointed Lead Plaintiff

#### 1. Notice Was Properly Published

The PSLRA requires plaintiffs in securities class actions to promptly publish a notice advising class members of the pendency of the action and of their right to move within 60 days of publication of the notice to be appointed lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Where, like here, multiple actions are brought on behalf of a class asserting substantially the same claims, only the plaintiff in the first-filed action must publish notice. 15 U.S.C. §78u-4(a)(3)(A)(ii).

On October 31, 2007, the plaintiff who first filed against FormFactor published notice on *Business Wire*, a national business-oriented wire service. Abadou Decl., Ex. C. That notice advised class members of the existence of the securities class action lawsuit against FormFactor and certain of its officers and directors, the claims asserted therein, the Class Period and their right to move for lead plaintiff. Thus, this Motion is timely filed within 60 days from the publication of that notice and 15 U.S.C. §78u-4(a)(3)(A) is satisfied.

### 2. City of Monroe ERS Possesses the Largest Overall Financial Interest in the Relief Sought by the Class

The PSLRA's "most adequate plaintiff" provision requires this Court to adopt a rebuttable presumption that:

> [T]he most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> \* \* \*
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). As evidenced by the accompanying signed certification, City of Monroe ERS incurred a loss in excess of $94,000 on its transactions in FormFactor securities during the Class Period. *See Cavanaugh*, 306 F.3d at 732; Abadou Decl., Ex. A. To City of Monroe ERS' knowledge, this financial interest makes it the proposed lead plaintiff with the largest financial stake in this action – a fact that warrants a presumption that it is the "most adequate plaintiff" in this case under §21D of the Exchange Act. *See Cavanaugh*, 306 F.3d at 730 ("[T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.").

### 3. City of Monroe ERS Meets the Requirements of Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the

interests of the class. *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730. As detailed below, City of Monroe ERS satisfies the typicality and adequacy requirements of Rule 23(a).

The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Here, City of Monroe ERS meets the typicality and adequacy requirements because it purchased FormFactor publicly traded securities during the Class Period in reliance upon the allegedly materially false and misleading statements issued by defendants and suffered damages thereby, as did the other members of the purported class. City of Monroe ERS is also not subject to any unique defenses and there is no evidence of any conflicts between City of Monroe ERS and the other class members. Finally, City of Monroe ERS has declared its ability and willingness to prosecute this action by filing the requisite certification and retaining qualified counsel. Abadou Decl., Exs. B, D; *see also In re Versata, Inc. Sec. Litig.*, 2001 U.S. Dist. LEXIS 24270, at *24 (N.D. Cal. 2001) (noting movant's "institutional status is given great weight in assessing its adequacy as a plaintiff"). Thus, City of Monroe ERS satisfies the *prima facie* showing of the typicality and adequacy requirements of Rule 23 for purposes of this Motion.

### C. This Court Should Approve City of Monroe ERS' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Versata*, 2001 U.S. Dist. LEXIS 24270, at *10. City of Monroe ERS has selected Coughlin Stoia as lead counsel for the class. Coughlin Stoia actively practices complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Abadou Decl., Ex. D. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive

the highest caliber of legal representation available from Coughlin Stoia. *See*, *e.g.*, *Borochoff v. Glaxosmithkline PLC*, 246 F.R.D. 201, 2007 U.S. Dist. LEXIS 74621, at *11 (S.D.N.Y. 2007) (approving institutional investor's selection of Coughlin Stoia as lead counsel).

## IV.  CONCLUSION

For all the foregoing reasons, City of Monroe ERS respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint City of Monroe ERS as Lead Plaintiff; and (3) approve City of Monroe ERS' selection of Lead Counsel for the class.

DATED:  January 2, 2008

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
RAMZI ABADOU

    s/ Ramzi Abadou    
RAMZI ABADOU

655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JEFFREY W. LAWRENCE
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

[Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\FormFactor\BRF00048148-LP.doc

CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following designated Internet site at: http://securities.csgrr.com/.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 2, 2008.

      s/ Ramzi Abadou
RAMZI ABADOU

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:ramzia@csgrr.com

**Mailing Information for a Case 3:07-cv-05545-SI**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey W. Lawrence**
  jeffreyl@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com,GDarwish@csgrr.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Arthur L. Shingler , III**
  ashingler@scott-scott.com,ssawyer@scott-scott.com

- **Shawn A. Williams**
  shawnw@csgrr.com,khuang@csgrr.com,moniquew@csgrr.com,e_file_sf@csgrr.com,cwood@csgrr.com,travisd@csgrr.com,aelishb@csgrr.com,e_file_sd@csgrr.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Catherine J Kowalewski
Lerach Coughlin et al LLP
655 W Broadway #1900
San Diego, CA 92101

David C. Walton
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101-3301
```