1  ROBERT P. VARIAN (SB No. 107459)
   *Email: rvarian@orrick.com*
2  JONATHAN B. GASKIN (SB No. 203625)
   *Email: jgaskin@orrick.com*
3  AMY M. ROSS (SB No. 215692)
   *Email: aross@orrick.com*
4  DANIELLE P. VAN WERT (SB No. 218245)
   *Email: dvanwert@orrick.com*
5  ERIN H. REDING (SB No. 252691)
   *Email: ereding@orrick.com*
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
7  405 Howard Street
   San Francisco, CA 94105-2669
8  Telephone:  (415) 773-5700
   Facsimile:  (415) 773-5759

Attorneys for Defendants
FormFactor, Inc., Igor Y. Khandros, Ronald C. Foster,
Richard M. Freeman and Joseph Bronson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANNY McCASLAND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FORMFACTOR, INC., IGOR Y. KHANDROS, RONALD C. FOSTER, RICHARD M. FREEMAN and JOSEPH BRONSON,<br><br>Defendants. | **Case No. 3:07-cv-05545-SI**<br><br>**(CONSOLIDATED)**<br><br>**CLASS ACTION**<br><br>**DEFENDANT RICHARD M. FREEMAN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS**<br><br>Date: July 18, 2008<br>Time: 9:00 a.m.<br>Judge: Hon. Susan Illston<br>Courtroom: 10, 19th Floor |

OHS West:260430816.1

FREEMAN'S NOTICE OF MOTION AND MOTION TO DISMISS CAC FOR VIOLATIONS OF FEDERAL SECURITIES LAWS (CASE NO. 3:07-CV-05545-SI)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 18, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Susan Illston, at 450 Golden Gate Ave., San Francisco, California, Defendant Richard M. Freeman will and hereby does move the Court for an order dismissing with prejudice the Consolidated Amended Complaint (the "Complaint" or "CAC") of plaintiffs. This motion is made pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (the "Reform Act") on the grounds that the Complaint fails to state a claim and fails to comply with Rule 9(b) and the Reform Act.

The motion is based on this Notice and the accompanying Memorandum of Points and Authorities; the Request for Judicial Notice; the Appendix of Authority; the papers on file in the action; the argument of counsel at the hearing; and other such matters as may be judicially noticed or come before the Court at the hearing on this matter.

## **ISSUES TO BE DECIDED (Civil Local Rule 7-4(A)(3))**

1. Whether plaintiffs' Section 10(b) and Rule 10b-5 claims should be dismissed because:

    (a) plaintiffs have made an impermissible attempt to plead fraud by hindsight;

    (b) plaintiffs have failed to plead that defendant Freeman made any statement whatsoever and the "group pleading" doctrine does not apply to plaintiffs' claims;

    (c) plaintiffs have failed to allege that the purported misstatements were materially false or misleading with the requisite particularity, including the reasons why statements at issue are purportedly false or misleading;

    (d) plaintiffs have failed to plead facts giving rise to a strong inference of scienter because their allegations lack the specificity and reliability necessary to support a strong inference of fraudulent intent;

    (e) plaintiffs have failed to plead facts giving rise to a strong inference of scienter because irrespective of particularity, their allegations do not support a strong inference of fraud under the weighing analysis mandated by the Supreme Court and the Ninth Circuit;

(f) the forward-looking statements attributed to defendants are protected by the Reform Act's "safe harbor," and even if not protected, plaintiffs have failed to plead specific facts showing actual knowledge of falsity;

(g) plaintiffs have failed to satisfy the pleading requirements of the Reform Act with respect to forward-looking statements; and

(h) plaintiffs' claims with respect to forward-looking statements are barred by the bespeaks caution doctrine.

2. Whether plaintiffs' claims under Section 20(a) should be dismissed because plaintiffs have failed to allege that defendants committed a primary violation of Section 10(b) or were responsible for or controlled the specific transaction or activity upon which the claim is predicated.

Dated: May 5, 2008

ROBERT P. VARIAN
JONATHAN B. GASKIN
AMY M. ROSS
DANIELLE P. VAN WERT
ERIN H. REDING

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Robert P. Varian*
Robert P. Varian
Attorneys for Defendants
FormFactor, Inc., Igor Y. Khandros, Ronald C. Foster,
Richard M. Freeman and Joseph Bronson