ROBERT P. VARIAN (SB No. 107459)
Email: rvarian@orrick.com
JONATHAN B. GASKIN (SB No. 203625)
Email: jgaskin@orrick.com
AMY M. ROSS (SB No. 215692)
Email: aross@orrick.com
DANIELLE P. VAN WERT (SB No. 218245)
Email: dvanwert@orrick.com
ERIN H. REDING (SB No. 252691)
Email: ereding@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   (415) 773-5700
Facsimile:   (415) 773-5759

Attorneys for Defendants
FormFactor, Inc., Igor Y. Khandros, Ronald C. Foster,
Richard M. Freeman and Joseph Bronson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANNY McCASLAND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FORMFACTOR, INC., IGOR Y. KHANDROS, RONALD C. FOSTER, RICHARD M. FREEMAN and JOSEPH BRONSON,<br><br>Defendants. | Case No. 3:07-cv-05545-SI<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RICHARD M. FREEMAN'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS**<br><br>Date:   July 18, 2008<br>Time:   9:00 A.M.<br>Judge:  Honorable Susan Illston<br>Courtroom:  10, 19th Floor |

OHS West:260424546.1

MEMO OF P&A ISO FREEMAN'S MOTION TO DISMISS PLAINTIFFS' CAC FOR VIOLATIONS OF FEDERAL SECURITIES LAWS - (CASE NO. 3:07-CV-05545-SI)

**JOINDER IN MOTION TO DISMISS FILED BY OTHER DEFENDANTS**

Richard Freeman hereby joins in the Motion to Dismiss filed by defendants FormFactor, Inc., Igor Khandros, Ronald Foster and Joseph Bronson (collectively, the "Other Defendants") for all of the reasons set forth therein, and submits this separate motion to address two points unique to him.

**INTRODUCTION AND OVERVIEW**

Because all of the arguments made in the Motion to Dismiss filed on behalf of the Other Defendants apply with full force to Richard Freeman, dismissal of the CAC's claims against the those defendants requires that they be dismissed as to Mr. Freeman as well. Plaintiffs' claims against Mr. Freeman fail on the grounds set forth in the motion filed by the Other Defendants, which will not be repeated or summarized here, and for the **additional** reason that the CAC cannot allege that he even made a purported misstatement. Moreover, although the nature, timing and amounts of the stock sales by the Other Defendants undercuts, rather than supports, an inference of fraud, Mr. Freeman sold no FormFactor stock.

**ARGUMENT**

**I.   PLAINTIFFS FAIL TO PLEAD THAT FREEMAN MADE ANY STATEMENT**

Mr. Freeman did not make -- and is not alleged to have made -- any statement in any press release or earnings call, and did not sign any of FormFactor's SEC filings. See CAC ¶¶ 84-146 ("Defendants' False And Misleading Statements During The Class Period"). The fact that Freeman did not make a statement, much less a misstatement made with fraudulent intent, defeats plaintiffs' securities fraud claims at the threshold and without further analysis.

**II.   THE GROUP PLEADING DOCTRINE DOES NOT APPLY**

Plaintiffs cannot plug this gaping hole by alleging that the "Individual Defendants" "possessed the power and authority to control the contents of FormFactor's quarterly reports, press releases and presentations to the market," or that they "were provided with copies" of such documents "and had the ability and opportunity to prevent their issuance or cause them to be corrected." CAC ¶ 30. As the Supreme Court emphasized in *Tellabs*, the "exacting pleading requirements" that Congress enacted as a "check against abusive litigation" require "plaintiffs to

state with particularity both the facts constituting the alleged violation, and the facts evidencing scienter." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. ____, 127 S. Ct. 2499, 2504 (2007). Conclusory assertions that unidentified defendants saw or had the power to control unspecified statements contained in unspecified documents plainly do not "state with particularity [ ] facts constituting the alleged violation." Nor would permitting plaintiffs to plead claims in this fashion serve as the "check" envisioned by Congress.

The group pleading doctrine is fundamentally at odds with the plain language of the Reform Act's requirements. Plaintiffs cannot plead particularized facts by making generic assertions that fail to connect specific defendants to the statements they claim were false and fraudulent. Rather, the Reform Act mandates that the complaint identify **"each"** statement alleged to be false or misleading, and plead specific facts supporting a strong inference that **"the"** defendant acted with scienter. 15 U.S.C. § 78u-4(b)(1)&(2) (emphasis added).

Although the Ninth Circuit has not yet addressed this subject, the only two circuits that have done so have ruled that the group pleading doctrine cannot be reconciled with the language and intent of the Reform Act. *See Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 364-65 (5th Cir. 2004); *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 437 F.3d 588, 602-03 (7th Cir. 2006), *cert. granted*, 127 S. Ct. 853 (2007); *see also Phillips v. Scientific-Atlanta, Inc.*, 374 F.3d 1015, 1018 (11th Cir. 2004) ("[W]e believe that the most plausible reading in light of congressional intent is that a plaintiff, to proceed beyond the pleading stage, must allege facts sufficiently demonstrating each defendant's state of mind regarding his or her alleged violations.").

Numerous recent decisions of the district courts within the Ninth Circuit are in accord. *See, e.g., In re Silicon Storage Tech.,* 2006 WL 648683, at *22 (N.D. Cal. Mar. 10, 2006).[1]

---

[1] *Accord In re Dura Pharm., Inc. Sec. Litig.*, 452 F. Supp. 2d 1005, 1031 (S.D. Cal 2006) (concluding that group pleading did not survive the Reform Act); *In re Netopia, Inc. Sec Litig.*, 2005 WL 3445631, at *5 (N.D. Cal. Dec. 15, 2005) ("[t]his court feels that the better view is that the Reform Act precludes reliance on the group-published information doctrine in this case"); *Alaska Elec. Pension Fund v. Adecco S.A.*, 371 F. Supp. 2d 1203, 1220-21 (S.D. Cal. 2005) (concluding group pleading doctrine conflicts with the Reform Act); *South Ferry LP #2 v. Killinger*, 399 F. Supp. 2d 1121, 1143 n. 8 (W.D. Wash. 2005) ("the group pleading doctrine

Even if the "group pleading" doctrine survived the Reform Act, however, plaintiffs' allegations would still be wholly inadequate. The CAC does not make the slightest attempt to allege a **single fact** that might show that Mr. Freeman had any role whatsoever in connection with any purported misstatement, or why he should be considered part of the "group" responsible for preparing or approving such statements. *See, e.g., In re Tibco Software, Inc.,* 2006 WL 1469654 at *27-28 (N.D. Cal. May 25, 2006); *In re Silicon Storage Tech.,* 2006 WL 648683, at *22; *In re Netopia, Inc. Sec. Litig.,* 2005 WL 3445631 at *5-6.

### III. PLAINTIFFS ALLEGATIONS REGARDING FREEMAN DO NOT SUPPORT A STRONG INFERENCE OF SCIENTER

Although the failure to allege that Richard Freeman made a statement moots further analysis, plaintiffs' claims would have to be dismissed even if he had made every statement contained in FormFactor's SEC filings and subsumed within the CAC's block quotes. As is demonstrated in the Motion to Dismiss filed by the Other Defendants (see Section III), the CAC does not allege facts that might support any inference of scienter as to any defendant, including Freeman.

Moreover, Mr. Freeman maintained all of his 157,615[2] FormFactor shares throughout the alleged class period, and thus "lost" $4,474,689.[3] The fact that Freemen retained the entirety of his holdings, and thus sustained significant paper losses, affirmatively refutes any inference that he believed the share price was artificially inflated. *See*, *e.g*., *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *In re PetSmart Inc. Sec. Litig.,* 61 F. Supp. 2d 982, 1000 (D. Ariz. 1999) (where defendants retained vastly more shares than were sold, "the resulting aggregate loss will defeat an inference of fraud").

---

is no longer viable"); *Wojtunik v. Kealy*, 394 F. Supp. 2d 1149, 1163 (D. Ariz. 2005) (opining that the "better reasoned view is that the [group pleading] doctrine is no longer viable in light of the stringent pleading requirements of the PSLRA.")

[2] See RJN Exs. 27 and 28.

[3] Defendants' potential loss is calculated by multiplying the difference between the share price at the class period high ($49.45) with the closing price on the day after the end of the class period ($21.06) [28.39] by the number of shares each Defendant continued to hold. See RJN Ex. 25.

**IV.  NO CONTROL PERSON LIABILITY**

Plaintiffs' failure to allege sufficient facts to support a claim for primary liability under Section 10(b) requires dismissal of their control person claims under Section 20(a), and the CAC fails to allege any specific facts that might establish control person liability in any event.

## CONCLUSION

For the reasons set forth herein and in the Motion to Dismiss filed by the Other Defendants, defendant Richard Freeman respectfully requests that the Court dismiss the CAC with prejudice.

Dated: May 5, 2008

ROBERT P. VARIAN
JONATHAN B. GASKIN
AMY M. ROSS
DANIELLE P. VAN WERT
ERIN H. REDING

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Robert P. Varian*
Robert P. Varian
Attorneys for Defendants
FormFactor, Inc., Igor Y. Khandros, Ronald C. Foster,
Richard M. Freeman and Joseph Bronson