# TAB K



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 540910 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d, 2004 WL 540910)

Page 1

H

In re Juniper Networks, Inc.
N.D.Cal.,2004.
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
In re JUNIPER NETWORKS, INC. SECURITIES LITIGATION
Nos. C 02-0749 SI, 3:02-CV-01679-SI.

March 11, 2004.

Reed R. Kathrein, Azra Z. Mehdi, Lesley E. Weaver, Milberg, Weiss, Bershad, Hynes & Lerach, San Francisco, CA, Alfred Glenn Yates, Jr., Law Office of Alfred G. Yates Jr, P.C., Pittsburgh, PA, Darren J. Robbins, William S. Lerach, Milberg, Weiss, Bershad, Hynes & Lerach LLP, San Diego, CA, for Plaintiffs.
Gregory L. Watts, Nina F. Locker, Wilson, Sonsini, Goodrich & Rosati, Steven Guggenheim, Wilson Sonsini et al., Palo Alto, CA, for Defendant.

## JUDGMENT

ILLSTON, J.
*1 This action is dismissed without leave to amend. Judgment is entered accordingly.

IT IS SO ORDERED AND ADJUDGED.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This is a securities class action lawsuit against Juniper Networks ("the Company") and certain of its officers and directors under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). The case is brought on behalf of all persons who purchased Juniper's publicly traded securities on the open market between April 12, 2001 and June 7, 2001.

This Court previously granted a motion to dismiss brought by defendants Juniper Networks, Inc., Scott Kriens, Marcel Gani, Steven Haley and Peter Wexler. In the prior order, plaintiffs' Corrected Consolidated Complaint was dismissed, but leave to amend was granted in order for plaintiffs to comply with the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Plaintiffs filed their First Amended Consolidated Complaint ("FAC"), and defendants have again moved to dismiss, contending that plaintiffs have failed to correct the original pleading deficiencies. The matter having been fully briefed and argued, and the Court having carefully considered the arguments of counsel and the papers submitted, the motion to dismiss is GRANTED without leave to amend.

## DISCUSSION [FN1]

> FN1. This Court's March 4, 2003 order set out the background of this action and the relevant legal standards. Those matters will not be repeated here.

Defendants argue that the FAC does not satisfy the pleading requirements of the PSLRA for allegations based on information and belief and that plaintiffs fail to allege facts supporting a strong inference of fraudulent intent. This Court agrees with these contentions, and the motion will be granted on that basis.[FN2]

> FN2. Defendants also argue that plaintiffs do not allege an actionable false statement, and that "non-speaking" defendants cannot be liable under Rule 10b-5. This Court does not reach these claims, since it finds that the other two are dispositive.

The PSLRA was enacted in 1995 as an amendment to the Exchange Act. *See In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 973 n. 2 (9th Cir.1999). Under the PSLRA, a complaint must:

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 540910 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d, 2004 WL 540910)

Page 2

specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.

15 U.S.C. § 78u-4(b)(1). Thus plaintiffs must provide facts showing that defendants knew the challenged statements were false when made. *In re Silicon Graphics,* 183 F.3d at 985. The complaint must also "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."15 U.S.C. § 78u-4(b)(2). The required state of mind under § 10(b) is "at a minimum, deliberate recklessness." *In re Silicon Graphics,* 183 F.3 at 983. Scienter may be pled and proven by reference to circumstantial evidence. However, when pleading on information and belief, a plaintiff must plead with "particularity" by "provid[ing] all facts forming the basis for [plaintiff's] belief in great detail."*Id.* at 983;*see also*15 U.S.C. § 78u-4(b)(1).

*2 Where, as here, scienter and falsity are being inferred from the same set of facts, "these two requirements may be combined into a unitary inquiry under the PSLRA."*Ronconi v. Larkin,* 253 F.3d 423, 429 (9th Cir.2001) ( "Because falsity and scienter in private securities fraud cases are generally strongly inferred from the same set of facts, we have incorporated the dual pleading requirements of 15 U.S.C. §§ 78u-4(b)(1) and (b)(2) into a single inquiry."). The Ninth Circuit has explained that the stricter standard for pleading scienter under the PSLRA results in a stricter standard for pleading falsity. *In re Vantive Corp. Sec. Litig.,* 283 F.3d 1079, 1091 (9th Cir.2002)."Where pleadings are not sufficiently particularized or where, taken as a whole, they do not raise a "strong inference' that misleading statements were knowingly or [with] deliberate recklessness made to investors, a private securities fraud complaint is properly dismissed under Rule 12(b)(6)."*Ronconi,* 253 F.3d at 429.

Defendants assert that the confidential witness summaries in plaintiffs' FAC still fail to provide the corroborating details required by the PSLRA. They argue that the FAC does not identify any negative internal reports that contradict defendants' public statements, and that plaintiffs do not meet the scienter requirement for false predictions or false revenue recognition. *SeeIn re Silicon Graphics* 183 F.3d at 984-85;*Vantive,* 283 F.3d at 1091 (false forecast must be made "with 'actual knowledge ... that the statement[s were] false or misleading' at the time made.").

The FAC relies on the reports of confidential witnesses identified as former employees of Juniper, representatives of its contract manufacturers Solectron and Celestica, and representatives of Juniper's industry competitors. FAC ¶¶ 40-70. Defendants challenge the sources and sufficiency of the information from these witnesses, and contend that the witness summaries do not provide the specific information and corroborating details required. *SeeVantive* 283 F.3d at 1091;*Coble v. Broadvision* 2002 WL 31093589, at *6;*In re Northpoint Communications Group, Inc. Sec. Litig.,* 184 F.Supp.2d 991, 1000. Plaintiffs contend that the multiple allegations as a whole should overcome any pleading bars under the "totality of the circumstances" test.

1. Allegations of false revenue recognition to meet first quarter 2001 ("1Q01") revenue goals.

Plaintiffs allege several accounting frauds by defendants for the first quarter 2001:(1) defendants claimed a $20 million transaction with Qwest which was "bogus"; (2) defendants failed to record reserves of $40 million for known product returns; (3) defendants prematurely recognized $65 million sales revenue in 1Q01 to meet goals; and (4) defendants denied carrying inventory and failed to record $20 million in inventory charges. Plaintiffs allege these transactions failed to comply with generally accepted accounting practices (GAAP), that they were knowingly fraudulent and that the fraud was undertaken to prevent Juniper from failing to meet its accounting goals for 1Q01.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-05545-SI   Document 33-12   Filed 05/05/2008   Page 4 of 5

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 540910 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d, 2004 WL 540910)

Page 3

*3 The Court agrees with defendants that the allegations are impermissibly imprecise and fail to provide the "who, what, when, where and how" required by the PSLRA. Some allegations are internally contradictory, as with the origin and nature of the "bogus" swap with Qwest. In the main, however, the allegations, although lengthy, simply fail to provide the foundation and specificity required by the Act, and thus fail to plead either falsity or scienter with the required factual precision. The deficiencies identified in the original order dismissing the corrected consolidated complaint have not been corrected in the FAC.

2. Allegations of false predictions to meet second quarter 2001 ("2Q01") revenue goals.

Nor do plaintiffs' allegations concerning false predictions of second quarter 2001 revenue meet the strict pleading standards imposed by the PSLRA. Plaintiffs contend that the 2Q01 projections deliberately avoided recognizing an economic slowdown resulting in order cancellations and ignored problems with one of Juniper's main products, the M160 router, resulting in increased competition from a competitor. Plaintiffs' CW statements do allude to these matters, but the FAC does not plead specific facts demonstrating how the problems being experienced translated into the need for Juniper to alter or reduce its publicly issued projections. Rather, plaintiffs rely on common knowledge and speculation to make these links. Plaintiffs are obliged to plead facts raising a strong inference that the forward-looking guidance was actually known to be false; this they have not done.[FN3]

> FN3. Defendants' requests for judicial notice are GRANTED, with the exception of the McDonald Investments Morning Call Daily analyst report which was neither mentioned nor incorporated by reference in the FAC. Plaintiffs' counter-motion to strike portions of the Watts declaration and attachments A and B to defendants' motion to dismiss is GRANTED.

CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss. Since plaintiffs have already amended their complaint once, and have not demonstrated any ability to refine or augment the pleadings any further, this dismissal is without leave to amend. (Docket 81, 87)

IT IS SO ORDERED.

N.D.Cal.,2004.
In re Juniper Networks, Inc.
Not Reported in F.Supp.2d, 2004 WL 540910 (N.D.Cal.)

END OF DOCUMENT
© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Westlaw Delivery Summary Report for FLEETWOOD,CARL 5011406**

| | |
|---|---|
| Date/Time of Request: | Sunday, May 4, 2008 19:56 Central |
| Client Identifier: | 019769-0002001-8221 |
| Database: | DCT |
| Citation Text: | Not Reported in F.Supp.2d |
| Lines: | 538 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.