1  COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
2  JEFFREY W. LAWRENCE (166806)
SHIRLEY H. HUANG (206854)
3  100 Pine Street, Suite 2600
San Francisco, CA  94111
4  Telephone:  415/288-4545
415/288-4534 (fax)
5  jeffreyl@csgrr.com
shuang@csgrr.com
6
Lead Counsel for Plaintiffs
7
[Additional counsel appear on signature page.]
8
UNITED STATES DISTRICT COURT
9
NORTHERN DISTRICT OF CALIFORNIA
10

| 11 | DANNY McCASLAND, Individually and On Behalf of All Others Similarly Situated, | ) ) | No. C-07-05545-SI |
|---|---|---|---|
| 12 | Plaintiff, | ) ) ) | **(Consolidated)** |
| 13 | vs. | ) ) ) | <u>CLASS ACTION</u> |
| 14 | FORMFACTOR, INC., et al., | ) ) ) | PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF (1) |
| 15 | Defendants. | ) ) ) | DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' [FIRST AMENDED |
| 16 | | ) | COMPLAINT] AND (2) RICHARD M. FREEMAN'S MOTION TO DISMISS |
| 17 | | | PLAINTIFFS' [FIRST AMENDED COMPLAINT]; AND MOTION TO STRIKE |
| 18 | | | EXHIBITS 11-13, 24, 26, 31-32, 36, AND PORTIONS OF EXHIBITS 29-30 THEREIN |

19
20       DATE:      July 25, 2008
TIME:      9:00 a.m.
JUDGE:   The Honorable Susan Illston
21
22
23
24
25
26
27
28

I.    INTRODUCTION

Defendants ask this Court to take judicial notice of the contents of certain documents filed in connection with their motions to dismiss.  *See* Request for Judicial Notice in Support of (1) Defendants' Motion to Dismiss Plaintiffs' [First Amended Complaint] and (2) Richard M. Freeman's Motion to Dismiss Plaintiffs' [First Amended Complaint] ("RJN"), filed May 5, 2008.[1] These documents generally fall into five categories, including (1) FormFactor, Inc.'s ("FormFactor" or the "Company") transcripts of earnings conference calls (Exs.[2] 1, 22-23, 33-35); (2) Company press releases (Exs. 11-21), although Exhibits 11-13 are not referenced in the Complaint; (3) Securities and Exchange Commission ("SEC") filings filed by the Company or Individual Defendants (Igor Y. Khandros ("Khandros") and Joseph Bronson ("Bronson")) (Exs. 2-5, 7-8, 27-32); (4) FormFactor's daily stock price from Google Finance (Ex. 25); and (5) analyst reports (Exs. 9-10) concerning FormFactor.  In addition, defendants submit a competitor's press release and stock price (Exs. 24, 26), a Lehman Brothers presentation transcript (Ex. 36), and a copy of Financial Accounting Standards ("FAS") No. 2 (Ex. 6) as exhibits to their request for judicial notice.

Where the truth of the documents is disputed or capable of dispute, judicial notice would be reversible error.  Under Fed. R. Evid. 201, documents referenced in the complaint may be considered under the incorporation rule, but judicial notice of the truth of any fact contained in the documents submitted is not permitted.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *Parrino v. FHP, Inc*., 146 F.3d 699, 705-06 (9th Cir. 1998) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).

Accordingly, plaintiffs oppose defendants' request that the Court take judicial notice of the truth of the contents of Exhibits 1-5, 7-8, 14-21, 23, 27-30, and 33-34.  These exhibits include press releases, SEC filings, transcripts of earnings conference calls, and analyst reports – all of which are

---

[1]    As defendants have erroneously referred to the operative complaint as the "Consolidated Amended Complaint," plaintiffs have corrected this error by inserting "[First Amended Complaint]" in all caption titles.  All "¶__" references refer to Plaintiffs' First Amended Complaint for Violations of Federal Securities Laws ("FAC" or "Complaint"), filed April 3, 2008.

[2]    References to Exhibits 1-36 refer to the exhibits attached to the RJN.

1    referenced in the FAC and many of which are themselves alleged to be false.  *E.g.*, ¶¶84-88, 90-96,

2    98-104, 107-112, 117-118, 121-124, 127-134, 137-143, 147-151.  Accordingly, these documents

3    may be considered under the incorporation rule but judicial notice of the truth of any fact contained

4    in these documents is not permitted.  *Parrino*, 146 F.3d at 705-06; *Branch*, 14 F.3d at 454.

5        With one caveat, plaintiffs do not oppose judicial notice of Exhibit 25, the Company's stock

6    prices during the Class Period because the Company's stock prices are referenced in the FAC.

7    However, defendants' stock price chart only covers the time period of June 1, 2007 through February

8    5, 2008, not the entire Class Period from February 1, 2006 to February 5, 2008.  Accordingly,

9    plaintiffs submit the daily stock price of FormFactor for the entire Class Period as Exhibit A to the

10   Huang Declaration[3] for the Court's consideration.

11       Additionally, plaintiffs do not oppose judicial notice of Exhibit 6, a copy of FAS No. 2,

12   because it is also referenced in the FAC as one of the authorities supporting plaintiffs' allegations

13   that defendants manipulated the Company's reported gross margin by improperly accounting for

14   excess and obsolete inventory as Research and Development ("R&D") costs instead of as cost of

15   revenues.  *See generally*, ¶¶192-199.  Plaintiffs also do not oppose judicial notice of Exhibits 9-10,

16   two analyst reports referenced in ¶¶170-171 of the Complaint.  These reports reflect that, consistent

17   with plaintiffs' allegations, FormFactor's inability to ramp up Harmony production caused a

18   significant drop in the Company's revenue and market share.

19       Defendants also request judicial notice of documents ***not*** referenced in the FAC, including

20   three Company press releases in 2005 (Exs. 11-13), a competitor's press release and its stock price

21   (Exs. 24, 26), a Lehman Brothers' presentation transcript (Ex. 36), portions of the Forms 4 reflecting

22   transactions prior to the Class Period filed by defendants Khandros (Ex. 29) and Bronson (Ex. 30)

23   with the SEC, and Forms 8-K filed on March 3, 2004 (Ex. 31) and April 25, 2005 (Ex. 32).  Judicial

24   

25   [3]    "Huang Declaration" refers to the Declaration of Shirley H. Huang in Support of: Plaintiffs'
     Omnibus Opposition to Defendants' Motion to Dismiss and Defendant Richard M. Freeman's
26   Motion to Dismiss Plaintiffs' [First Amended Complaint]; Plaintiffs' Response to Defendants'
     Request for Judicial Notice in Support of (1) Defendants' Motion to Dismiss Plaintiffs' [First
27   Amended Complaint] and (2) Richard M. Freeman's Motion to Dismiss Plaintiffs' [First Amended
     Complaint]; and Motion to Strike Exhibits 11-13, 24, 26, 31-32, 36, and Portions of Exhibits 29-30
28   Therein, filed herewith.

1 | notice or incorporation of these documents is not proper. Courts do not consider material outside the

2 | pleadings, particularly when, as here, the FAC does not specifically refer to them or when the

3 | accuracy or authenticity of the extraneous material is questioned. *Branch*, 14 F. 3d at 454; *Fecht v.*

4 | *Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995). Indeed, "Court[s] should not use judicial notice

5 | to generate an evidentiary record and then weigh evidence . . . to dismiss [a] complaint." *In re*

6 | *Network Equip., Inc. Litig.*, 762 F. Supp. 1359, 1363 (N.D. Cal. 1991). As such, the Court should

7 | not consider Exhibits 11-13, 24, 26, 31-32, 36, and portions of Exhibits 29-30 not referenced or

8 | relied upon in the FAC. Moreover, none of the submissions have any bearing on whether the FAC

9 | states a claim upon which relief may be granted – the only issue on the present motion.

10 | Accordingly, plaintiffs also request that the Court strike these exhibits from the record and the

11 | arguments raised in defendants' motion to dismiss relying on these exhibits. *See Constr. Laborers*

12 | *Pension Trust of Greater St. Louis v. Neurocrine Biosciences, Inc.*, No. 07CV1111-IEG-RBB, 2008

13 | U.S. Dist. LEXIS 38899 (S.D. Cal. May 12, 2008) (declining to take judicial notice of facts that are

14 | subject to reasonable dispute and striking information not pled in the complaint).

15 | **II.    ARGUMENT**

16 | **A.    Incorporation Is Proper for Documents Referenced in the Complaint, Judicial Notice Is Not**

17 |

18 | Under Fed. R. Evid. 201, "[a] judicially noticed fact must be one not subject to reasonable

19 | dispute" which is (1) "generally known within the territorial jurisdiction . . . or (2) capable of . . .

20 | ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R.

21 | Evid. 201(b). The Ninth Circuit has held that a district court may take judicial notice of "***undisputed***

22 | matters of public record," but not "***disputed*** facts stated in public records." *Lee*, 250 F.3d at 690

23 | (emphasis in original). It is reversible error to take judicial notice of the "truth" of the contents of

24 | such documents. *Id.* at 688. The Private Securities Litigation Reform Act of 1995 ("PSLRA") is

25 | consistent with this limitation allowing consideration of statements referenced in a complaint only

26 | where the statements offered "are not subject to material dispute." 15 U.S.C. §78u-5(e); *see also*

27 | *William Schwarzer, et al.*, *California Practice Guide: Federal Civil Procedure Before Trial*, Ch.

28 | 9:219 (TRG 2004) (public documents can be considered, "but not to prove the truth of their

1   contents"). The Ninth Circuit likewise holds that it is improper to judicially notice the contents of

2   documents challenged as inaccurate. *See Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1998); *In re*

3   *Northpoint Commc'ns Group, Inc., Sec. Litig. & Consol. Cases,* 221 F. Supp. 2d 1090, 1095 (N.D.

4   Cal. 2002).

5          Because Exhibits 1-5, 7-8, 14-21, 23, 27-28, and portions of Exhibits 29-30 and 33-34 are

6   referred to in the FAC, they are proper subjects for the Court's consideration under the incorporation

7   by reference doctrine. Such documents may be considered only to determine what the documents

8   state, but not to prove the truth of their contents. 15 U.S.C. §78z (submissions to the SEC are not

9   necessarily true, and indeed may be false); *Lee*, 250 F.3d at 688 (quoting *Branch*, 14 F.3d at 453);

10  *accord Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc*., 969 F.2d 1384, 1388-89 (2d Cir. 1992)

11  (district court improperly took judicial notice of filed documents because it used them "to establish

12  facts asserted therein"); *State Farm Fire & Cas. Co. v. Westchester Inv. Co*., 721 F. Supp. 1165,

13  1166 (C.D. Cal. 1989) (truth of argument contained in documents not judicially noticed).

14         Here, plaintiffs allege that certain statements contained in Exhibits 1-5, 7-8, 14-21, 23, 27-28,

15  and 33-34 are false and/or misleading. Specifically, plaintiffs allege that each of these documents

16  contains material misrepresentations or disclosures about FormFactor's financial condition, financial

17  reporting controls, and operations. *See* ¶¶84-88, 90-96, 98-104, 107-112, 117-118, 121-124, 127-

18  134, 137-143, 147-151, 154-156, 160-163. At the pleadings stage, any inferences that may be drawn

19  from the press releases, conference calls or SEC filings, however, must be drawn in plaintiffs' favor.

20  *Lee*, 250 F.3d at 690. While the Court may take judicial notice of the fact that defendants filed or

21  issued these documents and made the statements therein, it cannot take judicial notice of the truth of

22  their contents. *Id*. at 689-90. It would be reversible error to take judicial notice of the "truth" of

23  those documents. *Id*. Any ambiguity or dispute about the contents of such documents must be

24  resolved "in plaintiffs' favor" at the motion to dismiss stage. *Id*.; *Int'l Audiotext Network v. Am. Tel.*

25  *& Tel. Co*., 62 F.3d 69, 72 (2d Cir. 1995) (at the motion to dismiss stage, the court will resolve

26  "ambiguities" in plaintiff's favor).

27

28

1    Plaintiffs also oppose the Court taking judicial notice of Exhibits 29-30 to the extent that they

2    reflect the stock transactions referenced in ¶¶175-177 of the Complaint.[4]  While the Court may take

3    judicial notice of the fact that defendants filed these Forms 4 and reported these transactions to the

4    SEC, it cannot take judicial notice of the truth of their contents.  *Lee*, 250 F.3d at 689-90.  Indeed,

5    the Individual Defendants' reports to the SEC regarding their stock sales, as reflected in these Forms

6    4, are simply their own assertions (and are therefore hearsay) and are not independently verified

7    facts.

8    Defendants also seek judicial notice of two analyst reports referenced in the Complaint.  Exs.

9    9-10.  Exhibit 9 is an analyst report dated February 6, 2008 by Cowen and Company entitled "Huge

10   miss – much worse than anyone dared guess."  In the report, the analyst noted: "Expectations were

11   low - most anticipating a guide down. But the outlook was far worse . . . . Adding to the concern is

12   the admission that about 1/3 of the miss . . . was from share loss. . . . FORM will likely get killed on

13   the significant reduction in the outlook and ***their admission that there's been some share loss.***"  Ex.

14   9.   Exhibit 10 is another analyst report dated February 6, 2008 by Oppenheimer, entitled

15   "Transformation Complete – Not a Growth Stock, but Risk/Reward Likely Hit Bottom."  The report

16   summarized: "Pain of DRAM downturn, exacerbated by difficult transition to Harmony platform,

17   driving dour outlook . . . .  Story broke in Q4, now stock broken. . . .  As feared, issues with

18   Harmony have had less to do with supply-side dynamics . . . as suggested by management when it

19   guided below Street consensus for Q4 (back in Oct. '07).  Now . . . it is becoming clear that ***FORM's***

20   ***chronic issues with its 300mm, full-contact wafer probe card, Harmony***, have led to meaningful

21   market share loss."  Ex. 10.  These two reports, referenced in ¶¶170-171 of the Complaint,

22   undermine defendants' argument that FormFactor's failure to meet financial projections in the third

23   and fourth quarters of 2007 was due primarily to deteriorating market conditions and plaintiffs do

24   not object to their consideration.

25

26   _____

27   [4]    Defendants did not submit the Forms 4 for defendants Ronald C. Foster ("Foster") and
     Richard M. Freeman ("Freeman").

28

Accordingly, the Court can consider the entirety of Exhibits 1-5, 7-8, 14-21, 23, 27-30, and 33-34 under the incorporation doctrine, but not take judicial notice of them.  Plaintiffs also do not oppose the consideration of Exhibits 29-30 under the incorporation doctrine to the extent that they reflect the stock transactions referenced in ¶¶175-177 of the Complaint.

**B.      Judicial Notice Is Improper for Documents Not Referenced in the Complaint**

It is well established that a defendant may not rely on materials not referenced in the complaint to dispute the complaint's factual allegations.  *Cooper*, 137 F.3d at 622; *Branch*, 14 F.3d at 453.  A document is "outside" the complaint if its contents are not "alleged" or referenced in the complaint.  *Cooper*, 137 F.3d at 622.  Here, rather than answer, defendants opted to move to dismiss the Complaint, thereby invoking the automatic discovery stay provision of the PSLRA.  *See* 15 U.S.C. §78u-4(b)(3).   At the motion to dismiss stage, judicial notice of such documents not referenced in the complaint is improper because it would improperly convert the motion into one for summary judgment.  *Id.*; *see, e.g.*, *Branch*, 14 F.3d at 453.

By improperly seeking to place before the Court documents and contentions of purported "facts" well beyond the four corners of the Complaint, defendants attempt to gain an improper advantage to the undue prejudice of plaintiffs, attempting to hamstring plaintiffs with the automatic stay provision while simultaneously asking the Court to determine factual issues in the context of a strictly procedural motion.  If the Court considers defendants' contentions of purported fact, equity requires that the discovery stay be lifted.  Indeed the PSLRA expressly provides for lifting the stay under such circumstances to permit plaintiffs to take discovery.  *See* 15 U.S.C. §78u-4(b)(3)(B) (stay may be lifted "to prevent undue prejudice").

Indeed, on a Rule 12(b)(6) motion, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Fed. R. Civ. P. 12(b)(6).  This includes "giving the party opposing the motion notice and an opportunity to conduct necessary discovery and to submit pertinent material."  *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *Southmark*

1    *Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991) ("when the Court goes beyond the

2    pleadings and judicially noticed facts . . . the Court must convert the motion and give both sides . . .

3    an opportunity to supplement the factual record").

4          In their effort to conjure factual disputes at the pleadings stage, defendants proffer a press

5    release and the daily stock price chart of a competitor, Advantest Corp. ("Advantest"). Exs. 24, 26.

6    Neither of these documents has been referenced to or mentioned in the FAC, and should not be

7    considered at all by the Court. The press release and daily stock price chart of a competitor are also

8    irrelevant in determining whether plaintiffs' allegations state a claim at the pleadings stage.[5]

9    Likewise, defendants submit a transcript from a Lehman Brothers presentation (Ex. 36) to support

10   their claim that the market condition deteriorated in 2007. While plaintiffs acknowledge that the

11   slowdown at FormFactor was caused partially by the market condition (*e.g.*, ¶¶58, 160-167),

12   plaintiffs allege that it was primarily FormFactor's inability to ramp up Harmony that caused the

13   drastic revenue shortfall at the end of the Class Period, particularly in light of defendants' own

14   admission that "our new product ramp challenges with Harmony resulted in missed opportunities

15   with a few customers causing the majority of the overall revenue shortfall . . . ." ¶161. These

16   exhibits do nothing other than confuse the Court with the issues at hand, particularly defendants do

17   not dispute the pleading of loss causation in their motions to dismiss. In any event, at the pleadings

18   stage, the court must accept plaintiffs' allegations as true. *Tellabs, Inc. v. Makor Issues & Rights,*

19   *Ltd.,* ___ U.S. ___, 127 S. Ct. 2499, 2509 (2007). Defendants' conjuncture should be rejected.

20         Moreover, defendants seek judicial notice of press releases issued prior to the Class Period

21   (Exs. 11-13), Forms 4 reflecting Individual Defendants Khandros' and Bronson's sales of

22   FormFactor's stock not referenced in the FAC, and Forms 8-K reflecting defendant Khandros' Rule

23

24   [5]      Indeed, defendants' submission illustrates precisely why such submissions should not be
     considered where a complete factual record is yet to be developed. Defendants submit the daily

25   stock price for Advantest for the period covering June 1, 2007 through February 5, 2008 – only
     part of the Class Period. This partial piece of information could not explain how much of

26   FormFactor's revenue shortfall was caused by Company-specific event rather than market
     condition. Nor does it explain why and how FormFactor's stock price during the Class Period

27   was driven by fraud. However, if it were a trial, plaintiffs could offer evidence detailing the
     comparison of FormFactor's stock movement against the NASDAQ and the Russell Index

28   (¶228), as well as its competitors, including that of Advantest.

1    10b5-1 plan that was put in place in 2004 and 2005.  Exs. 29-32.  The Court may not consider these

2    filings under the incorporation doctrine because portions of these exhibits are not referenced or

3    relied upon in the Complaint.  *Branch*, 14 F.3d at 453.  Thus, Exhibits 11-13 and portions of

4    Exhibits 29-30 – documents that merely represent defendants' unverified assertions regarding stock

5    transactions not referred to in the FAC (¶¶175-177) – cannot be judicially noticed or considered

6    under the incorporation doctrine.  *Parrino*, 146 F.3d at 705-06; *see also In re Amylin Pharms., Inc.*

7    *Sec. Litig.*, No. 01cv1455 BTM(NLS), 2003 U.S. Dist. LEXIS 7667, at *26-*27 (S.D. Cal. May 1,

8    2003) (refusing to consider press releases and research reports on company's stock because they

9    were not attached to the complaint or referenced therein).

10          Here, plaintiffs do not allege the contents of the Forms 4 or rely upon any Individual

11   Defendant's stock transactions prior to the Class Period.  *See* ¶¶175-177.  As such, the Court cannot

12   consider defendants' Forms 4 and 8-K  filed prior to the Class Period.  Indeed, defendants try to

13   submit the stock transactions of the Individual Defendants prior to the Class Period to create a

14   factual dispute concerning plaintiffs' insider trading allegations.  Defendants peculiarly do not

15   submit any Forms 4 for defendants Foster and Freemen.  This is improper as these portions of the

16   exhibits are offered for no other reason than to "generate factual disputes," and thus do "little more

17   than kick up dust."  *In re Stellent, Inc. Sec. Litig.*, 326 F. Supp. 2d 970, 975 n.1 (D. Minn. 2004);

18   *Network Equip.*, 762 F. Supp. at 1363 (judicial notice should not be used to create an evidentiary

19   record against the complaint).  The Ninth Circuit is clear – a motion to dismiss is not a bench trial

20   and documents not referenced in the complaint should not be considered.  *See Lee*, 250 F.3d at 688;

21   *Branch*, 14 F.3d at 453.

22   **III.      CONCLUSION**

23          For the foregoing reasons, plaintiffs respectfully request that the Court (1) deny defendants'

24   request for judicial notice of Exhibits 1-5, 7-8, 14-21, 23, 27-30, 33-34, and portions of Exhibits 29-

25   30 referenced in the Complaint, but consider them under the incorporation doctrine; and (2) deny

26   defendants' request for judicial notice of the contents of Exhibits 11-13, 24, 26, 31-32, 36, and

27

28

1    portions of Exhibits 29-30 not referenced in the Complaint, and grant plaintiffs' request to strike

2    these exhibits.

3    DATED:  June 4, 2008                    COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
4                                           JEFFREY W. LAWRENCE
                                            SHIRLEY H. HUANG
5

6
                                            _____
                                                    s/ Shirley H. Huang
7                                                 SHIRLEY H. HUANG

8                                           100 Pine Street, Suite 2600
                                            San Francisco, CA  94111
9                                           Telephone:  415/288-4545
                                            415/288-4534 (fax)
10
                                            Lead Counsel for Plaintiffs
11
                                            SULLIVAN, WARD, ASHER & PATTON, P.C.
12                                          CYNTHIA J. BILLINGS
                                            25800 Northwestern Highway
13                                          1000 Maccabees Center
                                            Southfield, MI  48075-1000
14                                          Telephone:  248/746-0700
                                            248/746-2760 (fax)
15
                                            Additional Counsel for Plaintiff
16
     T:\CasesSF\FormFactor\BRF00051512_Resp_RJN.doc
17

18

19

20

21

22

23

24

25

26

27

28

PLTFS' RESP TO DEFS' REQ FOR JUDICIAL NOTICE IN SUPP OF MTNS TO DISMISS & MTN TO
STRIKE EXHS - **C-07-05545-SI**                                                - 9 -

1                            <u>CERTIFICATE OF SERVICE</u>

2        I hereby certify that on June 4, 2008, I electronically filed the foregoing with the Clerk of the

3 Court using the CM/ECF system which will send notification of such filing to the e-mail addresses

4 denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the

5 foregoing document or paper via the United States Postal Service to the non-CM/ECF participants

6 indicated on the attached Manual Notice List.

7        I further certify that I caused this document to be forwarded to the following designated

8 Internet site at:  http://securities.csgrr.com/.

9        I certify under penalty of perjury under the laws of the United States of America that the

10 foregoing is true and correct.  Executed on June 4, 2008.

11

12                                              s/ Shirley H. Huang

                                            SHIRLEY H. HUANG

13

14                                  COUGHLIN STOIA GELLER

                                     RUDMAN & ROBBINS LLP

15                                100 Pine Street, 26th Floor

                               San Francisco, CA  94111

16                                Telephone:  415/288-4545

                               415/288-4534 (fax)

17

18                                E-mail:shirleyh@csgrr.com

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:07-cv-05545-SI

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzia@csgrr.com,debh@csgrr.com

- **Shirley H. Huang**
  shirleyh@csgrr.com

- **Jeffrey W. Lawrence**
  jeffreyl@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com,GDarwish@csgrr.com

- **Alan R Plutzik**
  aplutzik@bramsonplutzik.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Arthur L. Shingler , III**
  ashingler@scott-scott.com,ssawyer@scott-scott.com

- **Robert P. Varian**
  rvarian@orrick.com,bclarke@orrick.com

- **Shawn A. Williams**
  shawnw@csgrr.com,travisd@csgrr.com,moniquew@csgrr.com,e_file_sf@csgrr.com,cwood@csgrr.com,e_file_sc

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing. You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Catherine J Kowalewski
Lerach Coughlin et al LLP
655 W Broadway #1900
San Diego, CA 92101

David C. Walton
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101-3301
```