ROBERT P. VARIAN (SB No. 107459)
*Email: rvarian@orrick.com*
JONATHAN B. GASKIN (SB No. 203625)
*Email: jgaskin@orrick.com*
AMY M. ROSS (SB No. 215692)
*Email: aross@orrick.com*
DANIELLE P. VAN WERT (SB No. 218245)
*Email: dvanwert@orrick.com*
ERIN H. REDING (SB No. 252691)
*Email: ereding@orrick.com*
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   (415) 773-5700
Facsimile:   (415) 773-5759

Attorneys for Defendants
FormFactor, Inc., Igor Y. Khandros, Ronald C. Foster,
Richard M. Freeman and Joseph Bronson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANNY McCASLAND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FORMFACTOR, INC., IGOR Y. KHANDROS, RONALD C. FOSTER, RICHARD M. FREEMAN and JOSEPH BRONSON,<br><br>Defendants. | **Case No. 3:07-cv-05545-SI**<br><br>**CLASS ACTION**<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RICHARD M. FREEMAN'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS**<br><br>Date:   July 25, 2008<br>Time:   9:00 A.M.<br>Judge:   Honorable Susan Illston<br>Courtroom:   10, 19th Floor |

OHS West:260455865.2

REPLY MEMO OF P&A ISO FREEMAN'S MOTION TO DISMISS PLAINTIFFS' CAC FOR VIOLATIONS OF FEDERAL SECURITIES LAWS - (CASE No. 3:07-CV-05545-SI)

**JOINDER IN REPLY BRIEF FILED BY OTHER DEFENDANTS**

Richard Freeman hereby joins in the Reply Brief filed by defendants FormFactor, Inc., Igor Khandros, Ronald Foster and Joseph Bronson (collectively, the "Other Defendants") for all of the reasons set forth therein, and submits this brief in further support of his separate motion to dismiss.

**INTRODUCTION AND OVERVIEW**

Plaintiffs' Omnibus Opposition does not dispute the controlling points demonstrated in Mr. Freeman's Motion to Dismiss ("Freeman MTD"). Mr. Freeman made no statement (written or oral), signed no SEC filing document, and is not alleged to have drafted or prepared any of the documents cited in the Consolidated Amended Complaint ("CAC"). Nor did he sell any stock. Faced with these facts, plaintiffs are forced to rest the accusations of securities fraud leveled against Freeman on the "group pleading doctrine." That effort fails on multiple grounds.

First, the group published information doctrine -- by its terms and when it applies -- merely provides a mechanism for attributing statements to nonspeakers. It does not displace or affect the Reform Act's explicit requirement of pleading highly particularized facts that create a strong inference of fraudulent intent, or serve as a vehicle for pleading scienter. Plaintiffs' attempt to invoke group pleading as part of an effort to plead collective scienter based on a mosaic of allegations that do not satisfy controlling legal standards (see Reply Br. of Other Defendants pp. 1-2) is thus fundamentally misconceived -- as to all defendants, including Mr. Freeman.

Second, as demonstrated in the Freeman MTD, the prevailing current view of courts in the Ninth Circuit and elsewhere is that group pleading did not survive the Reform Act.

Third, to the extent group pleading has any viability after the Reform Act, plaintiffs have failed to plead facts sufficient to invoke it.

**ARGUMENT**

**I.    PLAINTIFFS CONCEDE THAT MR. FREEMAN MADE NO STATEMENT**

The Opposition does not dispute that Mr. Freeman made no statements in any press

release or earnings conference call, and did not sign any of FormFactor's SEC filings (CAC ¶¶ 84-146). Nor do plaintiffs allege any facts to support any claim that Freeman participated in the preparation of any statement referred to in the CAC. The absence of such allegations defeats plaintiffs' claims against him at the outset because he made no statements, irrespective of the CAC's failure to allege scienter.

## II. THE PRESUMPTION REGARDING "GROUP PUBLISHED INFORMATION" PROVIDES NO SUBSTITUTE FOR PARTICULARIZED PLEADING OF SCIENTER

As this Court noted in *In re CV Therapeutics, Inc.*, 2004 WL 1753251, at *9 (N.D. Cal. Aug. 5, 2004), the "group published information doctrine" serves only to "excuse a plaintiff from attributing a statement to a particular defendant." (Emphasis added.) It does not excuse a defendant from pleading "facts showing that each individual defendant acted with scienter" with respect to such statements. *Rudolph v. UTStarcom*, ___ F. Supp. 2d. ___, 2008 WL 1734763, at *7 (N.D. Cal. Apr. 14, 2008). The two cases that this Court cited for that rule in *Rudolph*, *Southland Sec. Corp. v. INSpire Solutions, Inc.*, 365 F.3d 353, 364-65 (5th Cir. 2004) and *In re Silicon Storage Tech., Inc.*, 2006 WL 648683, at *21-22 (N.D. Cal. Mar. 10, 2006), enunciated the same holding, which is unassailable.

It is thus clear that, at most, the group pleading doctrine can provide a means of linking individuals to statements. It provides no basis for pleading falsity or scienter against anyone. *See*, *e.g*., *Alaska Elec. Pension Fund v. Adeco*, 371 F. Supp. 2d 1203, 1220-21 (S.D. Cal. 2005). Moreover, because the doctrine is not a vehicle for pleading scienter, it has no application to oral statements -- which can only be attributed to the individual who spoke the words. *See*, *e.g*., *In re HI/FN, Inc. Sec. Litig*., 2000 WL 33775286, at *12 (N.D. Cal. Aug. 9, 2000) (Illston, J.).

## III. THE GROUP PLEADING DOCTRINE PROVIDES NO BASIS FOR ATTRIBUTING ANY PURPORTED MISSTATEMENT TO FREEMAN

The group pleading doctrine is fundamentally at odds with the Reform Act's stringent pleading requirements. See Freeman MTD pp. 1-2. Accordingly, although the Ninth Circuit has not specifically addressed the subject, a "majority of district courts within the Ninth Circuit have concluded that group pleading is no longer viable under the PSLRA." *In re Impac Mortg.*

1 | *Holdings, Inc. Sec. Litig.*, ___ F. Supp. 2d. ___, 2008 WL 2104208, at *6 (C.D. Cal. May 19,

2 | 2008).[1]

3 |     For good reason, courts in the Northern District of California have increasingly held that

4 | the doctrine did not survive the Reform Act. *See, e.g., In re NextCard, Inc. Sec. Litig.*, 2006 WL

5 | 708663, at *3 (N.D. Cal. Mar. 20, 2006); *In re Silicon Storage*, 2006 WL 648683, at *22; *In re*

6 | *Netopia, Inc. Sec. Litig.*, 2005 WL 3445631, at *5 (N.D. Cal. Dec. 15, 2005).

7 |     Even if the group pleading doctrine has some continued viability, however, plaintiffs have

8 | not come close to pleading facts sufficient to apply it in this case. The doctrine can only be

9 | invoked with respect to <u>documents</u>, including "prospectuses, registration statements, annual

10 | reports, and press releases." *See*, *e.g.*, *In re CV Therapeutics*, 2004 WL 1753251, at *9. As noted

11 | above, it has no application to oral statements. Plaintiffs are not permitted to attribute written

12 | statements to a nonspeaker unless they specifically plead that he or she was directly involved <u>both</u>

13 | in the daily affairs of the company, and in the preparation of statements alleged to be false or

14 | misleading. *See*, *e.g.*, *In re Tibco Software, Inc.,* 2006 WL 1469654, at *28 (N.D. Cal. May 25,

15 | 2006). No such facts are pled in the CAC.

16 |     Plaintiffs do not plead any particulars regarding Mr. Freeman's involvement in

17 | FormFactor's day-to-day business. Nor do they allege that he was part of an identified "group"

18 | responsible for preparing press releases or SEC filings -- much less particular facts regarding

19 | participation in preparation or drafting of any such document. The CAC merely provides a

20 | handful of generalized conclusions regarding his role in the Company. See Freeman MTD p. 3;

21 | CAC ¶¶ 30, 70.

---

[1] *See, e.g., Wojtunik v. Kealy*, 394 F. Supp. 2d 1149, 1163 (D. Ariz. 2005) ("the better reasoned view is that the [group pleading] doctrine is no longer viable in light of the stringent pleading requirements of the PSLRA"); *Allison v. Brooktree Corp.*, 999 F. Supp. 1342, 1350 (S.D. Cal. 1998) ("a judicial presumption as to particularity simply cannot be reconciled with the statutory mandate that plaintiffs must plead specific facts as to each act or omission by the defendant."); *South Ferry LP #2 v. Killinger*, 399 F. Supp. 2d 1121, 1143, n. 8 (W.D. Wash. 2005) ("In light of the very stringent pleading requirements imposed by the PSLRA, and the Ninth Circuit's application and interpretation of the PSLRA . . . this Court must conclude that the group pleading doctrine is no longer viable."); *In re Dura Pharm., Inc. Sec. Litig.*, 452 F. Supp. 2d 1005, 1031 (S.D. Cal. 2006) ("this Court has joined other courts in this district and concluded the group pleading doctrine did not survive the PSLRA.").

### IV. PLAINTIFFS FAIL TO PLEAD SCIENTER AGAINST FREEMAN

As noted above, plaintiffs cannot use the group pleading doctrine to plead scienter. Moreover, the CAC's multifaceted failure to plead scienter as outlined in the MTD filed by the Other Defendants would be dispositive of all claims against Mr. Freeman (even if he had made statements that were materially false or misleading). As shown at pages 15-17 of the MTD filed by the Other Defendants, plaintiffs' allegations regarding stock sales by others refute, rather than support, any inference that any defendant, including Freeman, engaged in securities fraud. The fact that Freeman sold no stock precludes any attempt to use stock sales as a basis for alleging scienter as to him.

### V. NO SECTION 20(A) CONTROL PERSON LIABILITY EXISTS HERE

Because plaintiffs have failed to plead a primary violation of Section 10(b) there is no basis for a control person claim. *See In re Harmonic Inc.*, *Sec. Litig.*, 163 F. Supp. 2d 1079, 1097 (N.D. Cal. 2001).

### CONCLUSION

For the reasons set forth herein and in the Reply Brief filed by the Other Defendants, defendant Richard Freeman respectfully requests that the Court dismiss all claims asserted against him with prejudice.

Dated: June 24, 2008         ORRICK, HERRINGTON & SUTCLIFFE LLP

                             */s/ Robert P. Varian*
                             Robert P. Varian
                             Attorneys for Defendants
                             FormFactor, Inc., Igor Y. Khandros, Ronald C. Foster,
                             Richard M. Freeman and Joseph Bronson

OHS West:260455865.2    5    MEMO OF P&A ISO FREEMAN'S MOTION TO DISMISS PLAINTIFFS' CAC FOR VIOLATIONS OF FEDERAL SECURITIES LAWS - (CASE NO. 3:07-CV-05545-SI)