1  ROBERT P. VARIAN (SB No. 107459)
   *Email: rvarian@orrick.com*
2  JONATHAN B. GASKIN (SB No. 203625)
   *Email: jgaskin@orrick.com*
3  AMY M. ROSS (SB No. 215692)
   *Email: aross@orrick.com*
4  DANIELLE P. VAN WERT (SB No. 218245)
   *Email: dvanwert@orrick.com*
5  ERIN H. REDING (SB No. 252691)
   *Email: ereding@orrick.com*
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
7  405 Howard Street
   San Francisco, CA  94105-2669
8  Telephone:    (415) 773-5700
   Facsimile:    (415) 773-5759
9
   Attorneys for Defendants
10 FormFactor, Inc., Igor Y. Khandros, Ronald C. Foster,
   Richard M. Freeman and Joseph Bronson
11

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                     SAN FRANCISCO DIVISION

15

| | |
|---|---|
| 16  DANNY McCASLAND, Individually and On Behalf of All Others Similarly Situated,<br>17<br>18          Plaintiff,<br>19     v.<br>20  FORMFACTOR, INC., IGOR Y. KHANDROS, RONALD C. FOSTER, RICHARD M. FREEMAN and JOSEPH BRONSON,<br>22<br>23          Defendants. | **Case No.  3:07-cv-05545-SI**<br><br>**CLASS ACTION**<br><br>**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF (1) DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND (2) RICHARD M. FREEMAN'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS**<br><br>Date:        July 25, 2008<br>Time:       9:00 A.M.<br>Judge:      Honorable Susan Illston<br>Courtroom: 10, 19th Floor |

1   Defendants FormFactor Inc., Igor Khandros, Ronald Foster, Richard Freeman and Joseph
2   Bronson (collectively, "Defendants") respectfully request that this Court take judicial notice of
3   the following documents, which are attached pursuant to Federal Rule of Evidence 201 in support
4   of their reply briefs supporting their motions to dismiss plaintiffs' Consolidated Amended
5   Complaint.

6       1.   Transcript of FormFactor's April 26, 2006 earnings conference
7   call for first quarter 2006 earnings. A true and correct copy of this document is
8   attached hereto as **Exhibit 1.**

9       2.   Transcript of FormFactor's July 27, 2006 earnings conference
10  call for second quarter 2006 earnings. A true and correct copy of this
11  document is attached hereto as **Exhibit 2.**

12      3.   Transcript of February 27, 2008 Goldman Sachs Conference.
13  A true and correct copy of this document is attached hereto as **Exhibit 3.**

14      4.   Transcript of March 4, 2008 Morgan Stanley Technology
15  Conference. A true and correct copy of this document is attached hereto as
16  **Exhibit 4.**

17      5.   FormFactor's form DEF 14-A for May 17, 2007, filed with the
18  SEC on April 23, 2007. A true and correct copy of this document is attached
19  hereto as **Exhibit 5.**

## DISCUSSION

21  The documents attached hereto are properly subject to judicial notice under Federal Rule
22  of Evidence 201 and established Ninth Circuit precedent. As this Court has held in *In re*
23  *Connetics Corp. Sec. Litig.*, to evaluate a motion to dismiss, courts may consider documents that
24  are physically attached to the complaint, documents explicitly or implicitly incorporated by
25  reference in the complaint, and documents that are capable of accurate and ready determination
26  and not reasonably subject to dispute. 542 F. Supp. 2d 996, 1002 (N.D. Cal. 2008) (Illston, J.);
27  *see also* Fed. R. Evid. 201; *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); *Branch v.*
28  *Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

### A.  THIS COURT SHOULD TAKE JUDICIAL NOTICE OF DOCUMENTS RELIED UPON IN THE COMPLAINT

Courts may consider documents that are implicitly incorporated by reference in a complaint.  *Parrino*, 146 F.3d at 705-06.  Even if a complaint does not explicitly reference a document, the court can take judicial notice of a document if the plaintiff's claim necessarily relies upon that document.  *Id.* at 706.  *See also Branch*, 14 F.3d at 454; *Mishler v. Clift*, 191 F.3d 998, 1008 n.7 (9th Cir. 1999); *Weiner v. Klais and Co.*, 108 F.3d 86, 88 (6th Cir. 1997).

As a result, the Court can properly take judicial notice of **Exhibits 1 and 2**, which were referenced and relied upon in plaintiffs' Consolidated Amended Complaint ("CAC")**.**

### B.  JUDICIAL NOTICE OF DOCUMENTS FILED WITH THE SEC IS APPROPRIATE

Ninth Circuit authority squarely holds that a company's SEC filings, including proxy statements, are appropriate subjects for judicial notice, and courts regularly take judicial notice of such documents.  *See e.g., In re CV Therapeutics Inc.*, 2004 WL 1753251, at *12 (N.D. Cal. Aug. 5, 2004) (Illston, J.); *In re CNET Networks, Inc.,* 483 F. Supp. 2d 947, 959 (N.D. Cal. 2007) (company's "public filings are the proper subjects of judicial notice and will be considered in the disposition of . . . motions [to dismiss]."); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1075 (N.D. Cal. 2003) (granting judicial notice of a document pertaining to SEC guidance on disclosure of non-GAAP measures); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (permitting judicial notice of SEC documents); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 863. (N.D. Cal. 2004) (judicially noticing SEC filings, including Forms 3 and 4); *In re Computer Scis. Corp. Deriv. Litig.,* 2007 WL 1321715, at *1 n.5 (C.D. Cal. Mar. 26, 2007) (taking judicial notice of company's proxy statement, among other SEC filings).

Applying these principles, this Court may properly take judicial notice of **Exhibit 5.**

### C.  THIS COURT SHOULD TAKE JUDICIAL NOTICE OF CONFERENCE CALL TRANSCRIPTS

The Court may also take judicial notice of conference call transcripts.  *See Copper Mountain*, 311 F. Supp. 2d at 864 (judicially noticing defendants' conference call transcripts on the grounds that they contained safe harbor warnings and were relied upon in complaint).

Consideration of such documents is proper because this Court may judicially notice "information that was publicly available to reasonable investors at the time the defendant made the allegedly false statements." *Id.* Indeed, this Court has previously taken judicial notice of conference transcripts similar to those offered by defendants herein. *See In re CV Therapeutics*, 2004 WL 1753251, at *12.

As a result, this Court may properly take judicial notice of **Exhibits 1, 2, 3 and 4**.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of each of the documents referenced herein.

Dated: June 24, 2008

ROBERT P. VARIAN
JONATHAN B. GASKIN
AMY M. ROSS
DANIELLE P. VAN WERT
ERIN H. REDING

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Robert P. Varian*
Robert P. Varian
Attorneys for Defendants
FormFactor, Inc., Igor Y. Khandros, Ronald C. Foster,
Richard M. Freeman and Joseph Bronson