ROBERT P. VARIAN (SB No. 107459)
Email: rvarian@orrick.com
JONATHAN B. GASKIN (SB No. 203625)
Email: jgaskin@orrick.com
AMY M. ROSS (SB No. 215692)
Email: aross@orrick.com
DANIELLE P. VAN WERT (SB No. 218245)
Email: dvanwert@orrick.com
ERIN H. REDING (SB No. 252691)
Email: ereding@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Attorneys for Defendants
FormFactor, Inc., Igor Y. Khandros, Ronald C. Foster,
Richard M. Freeman and Joseph Bronson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANNY McCASLAND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FORMFACTOR, INC., IGOR Y. KHANDROS, RONALD C. FOSTER, RICHARD M. FREEMAN and JOSEPH BRONSON,<br><br>Defendants. | Case No. 3:07-cv-05545-SI<br><br>**CLASS ACTION**<br><br>**REPLY IN FURTHER SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS**<br><br>Date: July 25, 2008<br>Time: 9:00 A.M.<br>Judge: Honorable Susan Illston<br>Courtroom: 10, 19th Floor |

OHS West:260458195.1

DEFENDANTS' REPLY IN FURTHER SUPPORT OF
DEFENDANTS' RJN ISO DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' CAC - (CASE NO. 3:07-CV-05545-SI)

## I. INTRODUCTION

Plaintiffs' Response to Defendants' Request for Judicial Notice in Support of their Motions to Dismiss (the "Response") concedes that the majority of documents put forth by defendants are properly subject to judicial notice. Plaintiffs' argument that certain documents are not subject to judicial notice conflicts with binding and persuasive authority, including decisions of this Court.

Securities class actions are in many ways unique. The complaints are based primarily on the issuer's SEC filings, press releases and transcripts of conference calls with analysts and investors, which are quoted and exploited at length. Courts are not required to don blinders when evaluating motions to dismiss claims constructed in this fashion. Nor are plaintiffs permitted to dictate to the Court which documents are judicially noticeable based on an assessment of the documents' effect on their claims.

All of the documents attached to defendants' Request for Judicial Notice ("RJN") are properly subject to judicial notice for the reasons set forth in the RJN and discussed below.

## II. LEGAL ARGUMENT

### A. THE COURT MAY PROPERLY TAKE JUDICIAL NOTICE OF DOCUMENTS NOT REFERENCED IN THE COMPLAINT

Plaintiffs' primary argument is that defendants "improperly" seek to place before the Court documents beyond the "four corners" of the complaint. Response, p. 6. Courts, however, <u>routinely</u> recognize evidence outside the of the complaint, and do so without converting a motion to dismiss into one for summary judgment:

> In determining whether to grant a Federal Rule 12(b)(6) motion, district courts . . . [are] not limited to the four corners of the complaint . . . . Numerous cases . . . have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; these items may be considered by the district judge without converting the motion into one for summary judgment.

5B Wright & Miller, Federal Practice & Procedure: Civil 3d §1357 at 375-77. In fact, this Court

1   has explicitly held that documents not cited in the complaint <u>are</u> judicially noticeable. *In re SupportSoft, Inc. Sec. Litig.*, 2005 WL 3113082, at *1, n. 1 (N.D. Cal. Nov. 21, 2005) (Illston, J.) (granting judicial notice of SEC filings that were not cited in the complaint); *see also In re Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d 996, 1002 (N.D. Cal. 2008) (Illston, J.) (taking judicial notice of drug labeling); *In re CV Therapeutics, Inc.*, 2004 WL 1753251, at *4 (N.D. Cal. Aug. 5, 2004) (Illston, J.) (granting judicial notice of hearing transcripts, press releases and SEC filings for their truth).

Given this well-settled law, it is proper for this Court to take judicial notice of exhibits 11-13, 24, 26, 29, 30, 31, 32 and 36 attached to defendants' RJN.

### B. JUDICIAL NOTICE OF FORMFACTOR'S PUBLIC FILINGS WITH THE SEC IS APPROPRIATE (RJN EXS. 2-5, 7-8, 27-32)

As defendants explain in their RJN, and as plaintiffs concede, Ninth Circuit authority squarely holds that a company's SEC filings are appropriate subjects for judicial notice, and courts regularly take judicial notice of such documents. *See* RJN at 7-8; *see also In re Silicon Graphics Sec. Litig.,* 183 F.3d 970, 986 (9th Cir. 1999) (taking judicial notice of SEC filings). In fact, this Court has held that courts "may also consider Securities and Exchange Commission ("SEC") filings relied upon in the complaint." *In re CV Therapeutics*, 2004 WL 1753251, at *12.

Moreover, securities class actions have uniformly taken notice of various SEC filings. *See In re CNET Networks*, *Inc.*, 483 F. Supp. 2d 947, 959 (N.D. Cal. 2007) (company's "public filings are the proper subjects of judicial notice and will be considered in the disposition of . . . motions [to dismiss]."); *In re Computer Scis. Corp. Deriv. Litig.*, 2007 WL 1321715, at *1 n.5 (C.D. Cal. Mar. 26, 2007) (taking judicial notice of company's article of incorporation, proxy statement, Form 8-K, and various Form 4s); *In re Zoran Corp. Deriv. Litig.*, 2007 WL 1650948, at *6-7 (N.D. Cal. June 5, 2007) (taking judicial notice of SEC filings, including a Form 10-K filed subsequent to the filing of the operative complaint); *In re Openwave Sys. Inc. S'holder Deriv. Litig.*, 503 F. Supp. 2d 1341, 1349-50 (N.D. Cal. 2007) (taking judicial notice of Form 4s).

Plaintiffs' Response does not contest, or even address, this case law. Instead, plaintiffs

argue that defendants offer the SEC filings to generate "factual disputes." That self-serving assertion cannot be reconciled with the law governing consideration of the kinds of documents included in the RJNs for motions to dismiss securities class actions. Nor, given the source and nature of plaintiffs' claims, does it comport with basic notions of fairness.

Moreover, courts in securities class actions have consistently and repeatedly held that judicial notice may be taken of the truth of the matters asserted in documents. *See*, *e.g.*, *In re Silicon Graphics*, 183 F.3d at 986 (SEC filings considered as evidence of the matters therein on ruling on a motion to dismiss); *In re Gilead Scis. Sec. Litig.*, 2005 WL 181885, at *3 n.1 (N.D. Cal. Jan. 26, 2005) (rejecting plaintiffs' contention that a court cannot take judicial notice of documents for "truth of their contents"); *Limantour v. Cray Inc.*, 432 F. Supp. 2d 1129, 1154 n.11 (W.D. Wash. 2006) (considering, on motion to dismiss, statements in company's 10-Q for truth of contents); *In re NAHC, Inc. Sec. Litig.,* 306 F.3d 1314, 1321 (3d Cir. 2002) (taking judicial notice of proxy statement and 10-Q for truth of matters asserted).

As is fully evident in this case, plaintiffs draft securities complaints based on SEC filings, press releases and transcripts of "earnings" calls, and freely exploit such documents for the truth of their contents. Having constructed their claims in that unique fashion, they are "not entitled to pick and choose which of defendants' statements in public documents favor them and have all others ignored." *In re CNET*, 483 F. Supp. 2d at 966; *accord In re PMC-Sierra, Inc. Deriv. Litig.*, 2007 WL 2427980, at *5 (N.D. Cal. Aug. 22, 2007) (plaintiffs could not rely on accuracy of internal investigation finding that certain stock options had been incorrectly dated, while discounting portion of investigation expressly concluding that there had been no intentional wrongdoing); *In re Silicon Graphics, Inc., Sec. Litig.*, 970 F. Supp. 746, 758-59 (N.D. Cal. 1997) (plaintiffs, having relied on sections of defendants' SEC filings in their arguments, could not object when defendants referred to the same information in their defense.). Accordingly, when presented with the argument that the court could not consider documents for their truth, this Court held that "[t]he Court does not restrict its taking of judicial notice in this way." *In re CV*

1   *Therapeutics*, 2004 WL 1753251, at *12.[1]

2          In addition, with respect to plaintiffs' objections to Exhibits 29 and 30, and as the Ninth

3   Circuit explained in *Silicon Graphics,* judicial notice and consideration of Forms 4 filed with the

4   SEC, but neither attached nor referenced in the Complaint, is proper because, having raised

5   allegations of insider trading in their Complaint, "[plaintiffs] can hardly complain when

6   [defendants] refer to the same information in their defense."  183 F.3d at 986; *Yuen v. U.S. Stock

7   Transfer Co.*, 966 F. Supp. 944, 945 n.1 (C.D. Cal. 1997) (taking judicial notice under Federal

8   Rule of Evidence 201 of "relevant public disclosure documents required to be filed with the SEC

9   as facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot

10  reasonably be questioned'").

### C. COMPANY PRESS RELEASES ARE JUDICIALLY NOTICEABLE (RJN EXHIBITS 11-20, 21, 24)

Press releases are judicially noticeable whether or not they are referenced in the complaint and plaintiffs have not cited any law to the contrary.  See pp. 1-2 above.  It is well-established that courts have consistently taken judicial notice of press releases, a form of public document. *See, e.g., In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (judicially noticing press releases) *In re Ditech Comms. Corp. Sec. Litig.*, 2007 WL 2990532, at *18 (N.D. Cal. Oct. 11, 2007) (same); *In re Silicon Storage Tech., Inc., Sec. Litig.*, 2007 WL 760535, at *29 (N.D. Cal. Mar. 9, 2007) (same); *Wietschner v. Monterey Pasta Co,.* 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (same); *In re Network Assocs., II Sec. Litig.*, 2003 WL 24051280, at *1 n.3 (N.D. Cal. Mar. 25, 2003) (same).

---

[1] Furthermore, the law is also clear that the Court may draw reasonable inferences from judicially noticed documents.  *See In re Tibco Software, Inc.,* 2006 WL 1469654, at *18 (N.D. Cal. May 25, 2006) (in considering, for truth of their contents, statements by defendant in judicially noticed documents, court could reasonably infer from statements that defendants may not have been aware of extent of Company's problems until after purportedly false statements were made). In deciding whether plaintiffs have alleged facts establishing a strong inference of fraud, the Court "'must consider *all* reasonable inferences to be drawn from the allegations, including inferences unfavorable to the plaintiffs.'" *In re Metricom Sec. Litig.*, 2004 WL 966291, at *11 (N.D. Cal. Apr. 29, 2004), *aff'd*, 182 Fed. Appx. 714 (9th Cir. 2006) (*quoting Gompper v. VISX, Inc.*, 298 F.3d 893, 897 (9th Cir. 2002)) (second emphasis added).

### D. JUDICIAL NOTICE OF EARNINGS CONFERENCE CALLS AND TRANSCRIPTS IS APPROPRIATE (RJN EXHIBITS 1, 22-23, 33-36)

Earnings conference calls and transcripts may also be judicially noticed and plaintiffs have not offered any authority stating otherwise. *See Copper Mountain*, 311 F. Supp. 2d at 864 (judicially noticing defendants' conference call transcripts). Consideration of such documents is proper because this Court may judicially notice "information that was publicly available to reasonable investors at the time the defendant company made the allegedly false statements." *Id*. In fact, this Court has previously taken judicial notice of hearing transcripts. *In re CV Therapeutics*, 2004 WL 1753251, at *12. Plaintiffs blatantly ignore this law.

### E. COMPANY STOCK PRICES ARE JUDICIALLY NOTICEABLE (RJN EXHIBITS 25 AND 26)

Stock prices are in the public domain; do not challenge any of the factual allegations in plaintiffs' complaint; and are offered to provide context, rather than to disprove the allegations of the complaint. They are therefore proper subjects for judicial notice. *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 976-77 (9th Cir. 1999) (judicial notice of publicly available information appropriate). Moreover, plaintiffs' reliance on changes in FormFactor's stock price and position in comparison to its competitors invites judicial notice of the historical stock prices of those companies. Plaintiffs have not put forth any authority stating that stock prices are not judicially noticeable. In fact, case law clearly provides for taking judicial notice of stock prices, regardless of whether or not they are explicitly cited in the complaint. See pp. 1-2 above.

### III. CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court take judicial notice of each of the documents offered in their RJN.

| | | |
|---|---|---|
| 1 | Dated: June 24, 2008 | ROBERT P. VARIAN |
| 2 | | JONATHAN B. GASKIN |
| | | AMY M. ROSS |
| 3 | | DANIELLE P. VAN WERT |
| | | ERIN H. REDING |
| 4 | | ORRICK, HERRINGTON & SUTCLIFFE LLP |

*/s/ Robert P. Varian*
Robert P. Varian

Attorneys for Defendants
FormFactor, Inc., Igor Y. Khandros, Ronald C. Foster,
Richard M. Freeman and Joseph Bronson