Exhibit 2

```
<DOCUMENT>
<TYPE>EX-3.04
<SEQUENCE>4
<FILENAME>f80848a2ex3-04.txt
<DESCRIPTION>EXHIBIT-3.04
<TEXT>
<PAGE>
```

EXHIBIT 3.04

AMENDED AND RESTATED
BY-LAWS
OF
FORMFACTOR, INC.

(A Delaware corporation)

(as adopted on January 3, 1994, and
as amended on April 10, 1997, and
as amended on May 13, 1999, and
as amended on March 14, 2002, and
as amended on April 18, 2002)

```
<PAGE>
```

AMENDED AND RESTATED
BY-LAWS
OF
FORMFACTOR, INC.

(a Delaware corporation)

TABLE OF CONTENTS

```
<TABLE>
<CAPTION>
```

|  | PAGE |
|---|---|
| `<S>` | `<C>` |
| ARTICLE I - STOCKHOLDERS | |
| Section 1.1: Annual Meetings........................................ | 1 |
| Section 1.2: Special Meetings....................................... | 1 |
| Section 1.3: Notice of Meetings..................................... | 1 |
| Section 1.4: Adjournments........................................... | 2 |
| Section 1.5: Quorum................................................. | 2 |
| Section 1.6: Organization........................................... | 2 |
| Section 1.7: Voting; Proxies........................................ | 2 |
| Section 1.8: Fixing Date for Determination of Stockholders of Record... | 3 |
| Section 1.9: List of Stockholders Entitled to Vote.................. | 3 |
| Section 1.10: Inspectors of Elections............................... | 3 |

Section 1.11: Notice of Stockholder Business; Nominations............... 4

ARTICLE II - BOARD OF DIRECTORS

     Section 2.1:   Number; Qualifications................................... 7

     Section 2.2:   Election; Resignation; Removal; Vacancies................ 7

     Section 2.3:   Regular Meetings........................................ 8

     Section 2.4:   Special Meetings........................................ 8

     Section 2.5:   Telephonic Meetings Permitted........................... 8

     Section 2.6:   Quorum; Vote Required for Action........................ 8

&lt;/TABLE&gt;


i


&lt;PAGE&gt;

AMENDED AND RESTATED
BY-LAWS
OF
FORMFACTOR, INC.

(a Delaware corporation)

TABLE OF CONTENTS (CONT'D)

&lt;TABLE&gt;
&lt;CAPTION&gt;

                                                                     PAGE
                                                                     ----
&lt;S&gt;                                                              &lt;C&gt;
     Section 2.7:   Organization............................................ 8

     Section 2.8:   Written Action by Directors............................. 8

     Section 2.9:   Powers.................................................. 9

     Section 2.10:  Compensation of Directors............................... 9

ARTICLE III - COMMITTEES

     Section 3.1:   Committees.............................................. 9

     Section 3.2:   Committee Rules......................................... 9

ARTICLE IV - OFFICERS

     Section 4.1:   Generally............................................... 9

     Section 4.2:   Chief Executive Officer................................. 10

     Section 4.3:   Chairperson of the Board................................ 10

     Section 4.4:   President............................................... 10

     Section 4.5:   Vice President......................................... 11

| | | |
|---|---|---|
| Section 4.6: | Chief Financial Officer.................................. | 11 |
| Section 4.7: | Treasurer................................................ | 11 |
| Section 4.8: | Secretary................................................ | 11 |
| Section 4.9: | Delegation of Authority.................................. | 11 |
| Section 4.10: | Removal.................................................. | 11 |

</TABLE>

<PAGE>

AMENDED AND RESTATED
BY-LAWS
OF
FORMFACTOR, INC.

(a Delaware corporation)

TABLE OF CONTENTS (CONT'D)

<TABLE>
<CAPTION>

| | | PAGE<br>---- |
|---|---|---|
| <S> | | <C> |
| ARTICLE V - STOCK | | |
| Section 5.l: | Certificates............................................. | 11 |
| Section 5.2: | Lost, Stolen or Destroyed Stock Certificates;<br>Issuance of New Certificate............................. | 11 |
| Section 5.3: | Other Regulations........................................ | 12 |
| ARTICLE VI - INDEMNIFICATION | | |
| Section 6.1: | Indemnification of Officers and Directors................ | 12 |
| Section 6.2: | Advance of Expenses...................................... | 12 |
| Section 6.3: | Non-Exclusivity of Rights................................ | 13 |
| Section 6.4: | Indemnification Contracts................................ | 13 |
| Section 6.5: | Effect of Amendment...................................... | 13 |
| ARTICLE VII - NOTICES | | |
| Section 7.l: | Notice................................................... | 13 |
| Section 7.2: | Waiver of Notice......................................... | 14 |
| ARTICLE VIII - INTERESTED DIRECTORS | | |
| Section 8.1: | Interested Directors; Quorum............................. | 14 |

ARTICLE IX - MISCELLANEOUS

        Section 9.1:    Fiscal Year...........................................    14

        Section 9.2:    Seal..................................................    15

        Section 9.3:    Form of Records.......................................    15

        Section 9.4:    Reliance Upon Books and Records.......................    15

&lt;/TABLE&gt;


                                    iii


&lt;PAGE&gt;

                          AMENDED AND RESTATED
                               BY-LAWS
                                 OF
                            FORMFACTOR, INC.

                         (a Delaware corporation)

                       TABLE OF CONTENTS (CONT'D)

&lt;TABLE&gt;
&lt;CAPTION&gt;

                                                                   PAGE
                                                                   ----
&lt;S&gt;                                                                &lt;C&gt;
        Section 9.5:    Certificate of Incorporation Governs.....................    15

        Section 9.6:    Severability..........................................    15

ARTICLE X - AMENDMENT

        Section 10.1:   Amendments............................................    15
&lt;/TABLE&gt;

                                    iv

&lt;PAGE&gt;


                          AMENDED AND RESTATED
                               BY-LAWS
                                 OF
                            FORMFACTOR, INC.

                       ----------------------


                         (A Delaware corporation)


                    (as adopted on January 3, 1994, and
                    as amended on April 10, 1997, and
                     as amended on May 13, 1999, and
                     as amended on March 14, 2002, and

as amended on April 18, 2002)

ARTICLE I

STOCKHOLDERS

Section 1.1: Annual Meetings. An annual meeting of stockholders shall be held for the election of directors at such date, time and place, either within or without the State of Delaware or by means of remote communication, as the Board of Directors in its sole discretion may determine from time to time. Any other proper business may be transacted at the annual meeting.

Section 1.2: Special Meetings. Special meetings of stockholders for any purpose or purposes may be called at any time by the Board of Directors, and shall be called upon the request of the Chairperson of the Board of Directors, the Chief Executive Officer, the President, or by a majority of the members of the Board of Directors. Special meetings may not be called by any other person or persons. If a special meeting of stockholders is called at a request of the Chairperson of the Board of Directors, the Chief Executive Officer or the President, then such person shall request such meeting by delivering a written request to call such meeting to each member of the Board of Directors, and the Board of Directors shall then determine the time, date and place of such special meeting, which shall be held not more than one hundred twenty (120) nor less than thirty-five (35) days after the written request to call such special meeting was delivered to each member of the Board of Directors. Special meetings may be held at such time and place, within or without the State of Delaware or by means of remote communication, as shall be stated in the notice of such meeting or in a duly executed waiver of notice thereof.

Section 1.3: Notice of Meetings. Written notice of all meetings of stockholders stating the place, date and time of the meeting and, in the case of a special meeting, the purpose or purposes for which the meeting is called, shall be given in writing, by electronic transmission in the manner provided by law (including without limitation as set forth in Article VII, Section 7.1 of these Bylaws) or in any other form or manner that is allowable by law. Unless otherwise required by applicable law or the Certificate of Incorporation of the Corporation, such notice shall be given not less than ten (10) nor more than sixty (60) days before the date of the meeting to each stockholder of record entitled to vote at such meeting.

<PAGE>

Section 1.4: Adjournments. Any meeting of stockholders may adjourn from time to time to reconvene at the same or another place, and notice need not be given of any such adjourned meeting if the time, date and place thereof are announced at the meeting at which the adjournment is taken; provided, however, that if the adjournment is for more than thirty (30) days, or if after the adjournment a new record date is fixed for the adjourned meeting, then a notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting. At the adjourned meeting the Corporation may transact any business that might have been transacted at the original meeting.

Section 1.5: Quorum. At each meeting of stockholders the holders of a majority of the shares of stock entitled to vote at the meeting, present in person or represented by proxy, shall constitute a quorum for the transaction of business, except if otherwise required by applicable law. If a quorum shall fail to attend any meeting, the chairperson of the meeting or the holders of a majority of the shares entitled to vote who are present, in person or by proxy, at the meeting may adjourn the meeting. Shares of the Corporation's stock belonging to the Corporation (or to another corporation, if a majority of the shares entitled to vote in the election of directors of such other corporation are held, directly or indirectly, by the Corporation), shall neither be entitled

to vote nor be counted for quorum purposes; provided, however, that the foregoing shall not limit the right of the Corporation or any other corporation to vote any shares of the Corporation's stock held by it in a fiduciary capacity.

Section 1.6: Organization. Meetings of stockholders shall be presided over by such person as the Board of Directors may designate, or, in the absence of such a person, the Chief Executive Officer, or, in the absence of such person, the President of the Corporation, or, in the absence of such person, such person as may be chosen by the holders of a majority of the shares entitled to vote who are present, in person or by proxy, at the meeting. Such person shall be chairperson of the meeting and, subject to Section 1.10 hereof, shall determine the order of business and the procedure at the meeting, including such regulation of the manner of voting and the conduct of discussion as seems to him or her to be in order, and shall have the power to adjourn the meeting to another time, date and place (if any). The Secretary of the Corporation shall act as secretary of the meeting, but in such person's absence the chairperson of the meeting may appoint any person to act as secretary of the meeting.

Section 1.7: Voting; Proxies. Unless otherwise provided by law or the Certificate of Incorporation, and subject to the provisions of Section 1.8 of these Bylaws, each stockholder shall be entitled to one (1) vote for each share of stock held by such stockholder. Each stockholder entitled to vote at a meeting of stockholders, or to express consent or dissent to corporate action in writing without a meeting, may authorize another person or persons to act for such stockholder by proxy. Such a proxy may be prepared, transmitted and delivered in any manner permitted by applicable law. Voting at meetings of stockholders need not be by written ballot unless such is demanded at the meeting before voting begins by a stockholder or stockholders holding shares representing at least one percent (1%) of the votes entitled to vote at such meeting, or by such stockholder's or stockholders' proxy; provided, however, that an election of directors shall be by written ballot if demand is so made by any stockholder at the meeting before voting begins. If a vote is to be taken by written ballot, then each such ballot shall state the name of the stockholder or proxy voting and such other information as the chairperson of the meeting deems appropriate and, if authorized by the Board of Directors, the

2

<PAGE>

ballot may be submitted by electronic transmission in the manner provided by law. Directors shall be elected by a plurality of the votes of the shares present in person or represented by proxy at the meeting and entitled to vote on the election of directors. Unless otherwise provided by applicable law, the Certificate of Incorporation or these Bylaws, every matter other than the election of directors shall be decided by the affirmative vote of the holders of a majority of the shares of stock entitled to vote thereon that are present in person or represented by proxy at the meeting and are voted for or against the matter.

Section 1.8: Fixing Date for Determination of Stockholders of Record. In order that the Corporation may determine the stockholders entitled to notice of or to vote at any meeting of stockholders or any adjournment thereof, or entitled to receive payment of any dividend or other distribution or allotment of any rights, or entitled to exercise any rights in respect of any change, conversion or exchange of stock or for the purpose of any other lawful action, the Board of Directors may fix, in advance, a record date, which shall not precede the date upon which the resolution fixing the record date is adopted by the Board of Directors and which shall not be more than sixty (60) nor less than ten (10) days before the date of such meeting, nor more than sixty (60) days prior to any other action. If no record date is fixed by the Board of Directors, then the record date shall be as provided by applicable law. A determination of

stockholders of record entitled to notice of or to vote at a meeting of
stockholders shall apply to any adjournment of the meeting; provided, however,
that the Board of Directors may fix a new record date for the adjourned meeting.

Section 1.9: List of Stockholders Entitled to Vote. A complete list of
stockholders entitled to vote at any meeting of stockholders, arranged in
alphabetical order and showing the address of each stockholder and the number of
shares registered in the name of each stockholder, shall be open to the
examination of any stockholder, for any purpose germane to the meeting, during
ordinary business hours, either on a reasonably accessible electronic network as
permitted by law (provided that the information required to gain access to the
list is provided with the notice of the meeting) or during business hours for a
period of at least ten (10) days prior to the meeting, either at a place within
the city where the meeting is to be held, which place shall be specified in the
notice of the meeting, or, if not so specified, at the place where the meeting
is to be held. The list shall also be produced and kept at the time and place of
the meeting during the whole time thereof and may be inspected by any
stockholder who is present at the meeting. If the meeting is held solely by
means of remote communication, then the list shall be open to the examination of
any stockholder during the whole time of the meeting on a reasonably accessible
electronic network, and the information required to access the list shall be
provided with the notice of the meeting.

Section 1.10: Inspectors of Elections.

(a) Applicability. Unless otherwise provided in the Corporation's
Certificate of Incorporation or required by the Delaware General Corporation
Law, the following provisions of this Section 1.10 shall apply only if and when
the Corporation has a class of voting stock that is: (i) listed on a national
securities exchange; (ii) authorized for quotation on an automated interdealer
quotation system of a registered national securities association; or (iii) held
of record by more than 2,000 stockholders; in all other cases, observance of the
provisions of this Section 1.10 shall be optional, and at the discretion of the
Corporation.

3

<PAGE>

(b) Appointment. The Corporation shall, in advance of any meeting of
stockholders, appoint one or more inspectors of election to act at the meeting
and make a written report thereof. The Corporation may designate one or more
persons as alternate inspectors to replace any inspector who fails to act. If no
inspector or alternate is able to act at a meeting of stockholders, the person
presiding at the meeting shall appoint one or more inspectors to act at the
meeting.

(c) Inspector's Oath. Each inspector of election, before entering upon
the discharge of his duties, shall take and sign an oath faithfully to execute
the duties of inspector with strict impartiality and according to the best of
such inspector's ability.

(d) Duties of Inspectors. At a meeting of stockholders, the inspectors
of election shall (i) ascertain the number of shares outstanding and the voting
power of each share, (ii) determine the shares represented at a meeting and the
validity of proxies and ballots, (iii) count all votes and ballots, (iv)
determine and retain for a reasonable period of time a record of the disposition
of any challenges made to any determination by the inspectors, and (v) certify
their determination of the number of shares represented at the meeting, and
their count of all votes and ballots. The inspectors may appoint or retain other
persons or entities to assist the inspectors in the performance of the duties of
the inspectors.

(e) Opening and Closing of Polls. The date and time of the opening and the closing of the polls for each matter upon which the stockholders will vote at a meeting shall be announced by the chairperson of the meeting. No ballot, proxies or votes, nor any revocations thereof or changes thereto, shall be accepted by the inspectors after the closing of the polls unless the Court of Chancery upon application by a stockholder shall determine otherwise.

(f) Determinations. In determining the validity and counting of proxies and ballots, the inspectors shall be limited to an examination of the proxies, any envelopes submitted with those proxies, any information provided in connection with proxies in accordance with Section 212(c)(2) of the Delaware General Corporation Law, ballots and the regular books and records of the Corporation, except that the inspectors may consider other reliable information for the limited purpose of reconciling proxies and ballots submitted by or on behalf of banks, brokers, their nominees or similar persons which represent more votes than the holder of a proxy is authorized by the record owner to cast or more votes than the stockholder holds of record. If the inspectors consider other reliable information for the limited purpose permitted herein, the inspectors at the time they make their certification of their determinations pursuant to this Section 1.10 shall specify the precise information considered by them, including the person or persons from whom they obtained the information, when the information was obtained, the means by which the information was obtained and the basis for the inspectors' belief that such information is accurate and reliable.

Section 1.11: Notice of Stockholder Business; Nominations.

(a) Annual Meeting of Stockholders.

(i) Nominations of persons for election to the Board of Directors and the proposal of business to be considered by the stockholders shall be made at an annual meeting of stockholders (A) pursuant to the Corporation's notice of such meeting, (B) by or at the direction

4

<PAGE>

of the Board of Directors or (C) by any stockholder of the Corporation who was a stockholder of record at the time of giving of the notice provided for in this Section 1.11, who is entitled to vote at such meeting and who complies with the notice procedures set forth in this Section 1.11.

(ii) For nominations or other business to be properly brought before an annual meeting by a stockholder pursuant to clause (C) of subparagraph (a)(i) of this Section 1.11, the stockholder must have given timely notice thereof in writing to the Secretary of the Corporation and such other business must otherwise be a proper matter for stockholder action. To be timely, a stockholder's notice must be delivered to the Secretary at the principal executive offices of the Corporation not later than the close of business on the seventy-fifth (75th) day nor earlier than the close of business on the one hundred-fifth (105th) day prior to the first anniversary of the preceding year's annual meeting (except in the case of the Corporation's first annual meeting following the closing of the Initial Public Offering (as defined in Section 2.2 herein), for which such notice shall be timely if delivered in the same time period as if such meeting were a special meeting governed by subparagraph (b) of this Section 1.11); provided, however, that in the event that the date of the annual meeting is more than thirty (30) days before or more than sixty (60) days after such anniversary date, notice by the stockholder to be timely must be so delivered not earlier than the close of business on the one hundred-fifth (105th) day prior to such annual meeting and not later than the close of business on the later of the seventy-fifth (75th) day prior to such annual meeting or the close of business on the tenth (10th) day following the day on

which public announcement of the date of such meeting is first made by the Corporation. Such stockholder's notice shall set forth: (a) as to each person whom the stockholder proposes to nominate for election or reelection as a director all information relating to such person that is required to be disclosed in solicitations of proxies for election of directors, or is otherwise required, in each case pursuant to Regulation 14A under the Securities Exchange Act of 1934, as amended (the "EXCHANGE ACT"), including such person's written consent to being named in the proxy statement as a nominee and to serving as a director if elected; (b) as to any other business that the stockholder proposes to bring before the meeting, a brief description of the business desired to be brought before the meeting, the reasons for conducting such business at the meeting and any material interest in such business of such stockholder and the beneficial owner, if any, on whose behalf the proposal is made; and (c) as to the stockholder giving the notice and the beneficial owner, if any, on whose behalf the nomination or proposal is made (1) the name and address of such stockholder, as they appear on the Corporation's books, and of such beneficial owner, and (2) the class and number of shares of the Corporation that are owned beneficially and held of record by such stockholder and such beneficial owner.

        (iii) Notwithstanding anything in the second sentence of subparagraph (a)(ii) of this Section 1.11 to the contrary, in the event that the number of directors to be elected to the Board of Directors of the Corporation is increased and there is no public announcement by the Corporation naming all of the nominees for director or specifying the size of the increased board of directors at least seventy five (75) days prior to the first anniversary of the preceding year's annual meeting (or, if the annual meeting is held more than thirty (30) days before or sixty (60) days after such anniversary date, at least seventy five (75) days prior to such annual meeting), a stockholder's notice required by this Section 1.11 shall also be considered timely, but only with respect to nominees for any new positions created by such increase, if it shall be delivered to the Secretary of the Corporation at the principal executive office of the Corporation not later than the

                                                5

<PAGE>

close of business on the tenth (10th) day following the day on which such public announcement is first made by the Corporation.

        (b) Special Meetings of Stockholders. Only such business shall be conducted at a special meeting of stockholders as shall have been brought before the meeting pursuant to the Corporation's notice of such meeting. Nominations of persons for election to the Board of Directors may be made at a special meeting of stockholders at which directors are to be elected pursuant to the Corporation's notice of such meeting (i) by or at the direction of the Board of Directors or (ii) provided that the Board of Directors has determined that directors shall be elected at such meeting, by any stockholder of the Corporation who is a stockholder of record at the time of giving of notice of the special meeting, who shall be entitled to vote at the meeting and who complies with the notice procedures set forth in this Section 1.11. In the event the Corporation calls a special meeting of stockholders for the purpose of electing one or more directors to the Board of Directors, any such stockholder may nominate a person or persons (as the case may be), for election to such position(s) as specified in the Corporation's notice of meeting, if the stockholder's notice required by subparagraph (a)(ii) of this Section 1.11 shall be delivered to the Secretary of the Corporation at the principal executive offices of the Corporation not earlier than the one hundred-fifth (105th) day prior to such special meeting and not later than the close of business on the later of the seventy-fifth (75th) day prior to such special meeting or the tenth (10th) day following the day on which public announcement is first made of the date of the special meeting and of the nominees proposed by the Board of Directors to be elected at such meeting.

(c) General.

(i) Only such persons who are nominated in accordance with the procedures set forth in this Section 1.11 shall be eligible to serve as directors and only such business shall be conducted at a meeting of stockholders as shall have been brought before the meeting in accordance with the procedures set forth in this Section 1.11. Except as otherwise provided by law or these Bylaws, the chairperson of the meeting shall have the power and duty to determine whether a nomination or any business proposed to be brought before the meeting was made or proposed, as the case may be, in accordance with the procedures set forth in this Section 1.11 and, if any proposed nomination or business is not in compliance herewith, to declare that such defective proposal or nomination shall be disregarded.

(ii) For purposes of this Section 1.11, the term "PUBLIC ANNOUNCEMENT" shall mean disclosure in a press release reported by the Dow Jones News Service, Associated Press or comparable national news service or in a document publicly filed by the Corporation with the Securities and Exchange Commission pursuant to section 13, 14 or 15(d) of the Exchange Act.

(iii) Notwithstanding the foregoing provisions of this Section 1.11, a stockholder shall also comply with all applicable requirements of the Exchange Act and the rules and regulations thereunder with respect to the matters set forth herein. Nothing in this Section 1.11 shall be deemed to affect any rights of stockholders to request inclusion of proposals in the Corporation's proxy statement pursuant to Rule 14a-8 under the Exchange Act.

6

<PAGE>

ARTICLE II

BOARD OF DIRECTORS

Section 2.1: Number; Qualifications. The Board of Directors shall consist of one or more members. The initial number of directors shall be seven (7), and thereafter shall be fixed from time to time by resolution of the Board of Directors. No decrease in the authorized number of directors constituting the Board of Directors shall shorten the term of any incumbent director. Directors need not be stockholders of the Corporation.

Section 2.2: Election; Resignation; Removal; Vacancies. The Board of Directors shall initially consist of the person or persons elected by the incorporator or named in the Corporation's initial Certificate of Incorporation. Subject to the rights of the holders of any series of Preferred Stock to elect additional directors under specified circumstances, following the closing of the Corporation's initial public offering pursuant to an effective registration statement under the Securities Act of 1933, as amended, covering the offer and sale of Common Stock to the public (the "INITIAL PUBLIC OFFERING"), the directors shall be divided, with respect to the time for which they severally hold office, into three classes designated as Class I, Class II and Class III, respectively. Directors shall be assigned to each class in accordance with a resolution or resolutions adopted by the Board of Directors, with the number of directors in each class to be divided as equally as reasonably possible. No one class shall have more than one director more than any other class. The term of office of the Class I directors shall expire at the Corporation's first annual meeting of stockholders following the closing of the Initial Public Offering, the term of office of the Class II directors shall expire at the Corporation's second annual meeting of stockholders following the closing of the Initial Public Offering, and the term of office of the Class III directors shall expire at the Corporation's third annual meeting of stockholders following the closing

of the Initial Public Offering. At each annual meeting of stockholders
commencing with the first annual meeting of stockholders following the closing
of the Initial Public Offering, each director elected to succeed a director of
the class whose term then expires shall be elected for a term of office to
expire at the third succeeding annual meeting of stockholders after his or her
election, or until such director's earlier death, resignation or removal.
Subject to the provisions of the Corporation's then effective Certificate of
Incorporation, prior to the closing of the Initial Public Offering, each
director shall hold office until the next annual meeting of stockholders and
until such director's successor is elected and qualified, or until such
director's earlier death, resignation or removal. Any director may resign at any
time upon notice to the Corporation given in writing or by electronic
transmission. Subject to the rights of the holders of any series of Preferred
Stock then outstanding, and unless otherwise required by law, any director or
the entire Board of Directors may be removed only for cause and only by the
affirmative vote of the holders of at least sixty-six and two-thirds percent
(66-2/3%) of the shares then entitled to vote at an election of directors.
Subject to the rights of the holders of any series of Preferred Stock then
outstanding, any vacancy occurring in the Board of Directors for any cause, and
any newly created directorship resulting from any increase in the authorized
number of directors, shall, unless (i) the Board of Directors determines by
resolution that any such vacancies or newly created directorships shall be
filled by the stockholders, or (ii) as otherwise provided by law, be filled only
by the affirmative vote of a majority of the directors then in office, although
less than a quorum, or by a sole remaining director, and not by the
stockholders.

                                    7

<PAGE>

        Section 2.3: Regular Meetings. Regular meetings of the Board of
Directors may be held at such places, within or without the State of Delaware,
and at such times as the Board of Directors may from time to time determine.
Notice of regular meetings need not be given if the date, times and places
thereof are fixed by resolution of the Board of Directors.

        Section 2.4: Special Meetings. Special meetings of the Board of
Directors may be called by the Chairperson of the Board of Directors, the
President or a majority of the members of the Board of Directors then in office
and may be held at any time, date or place, within or without the State of
Delaware, as the person or persons calling the meeting shall fix. Notice of the
time, date and place of such meeting shall be given, orally, in writing or by
electronic transmission (including electronic mail), by the person or persons
calling the meeting to all directors at least four (4) days before the meeting
if the notice is mailed, or at least twelve (12) hours before the meeting if
such notice is given by telephone, hand delivery, telegram, telex, mailgram,
facsimile, electronic mail or other means of electronic transmission, or in any
other form or by any other manner allowable by law. Unless otherwise indicated
in the notice, any and all business may be transacted at a special meeting.

        Section 2.5: Remote Meetings Permitted. Members of the Board of
Directors, or any committee of the Board, may participate in a meeting of the
Board or such committee by means of conference telephone or other communications
equipment by means of which all persons participating in the meeting can hear
each other, and participation in a meeting pursuant to conference telephone or
similar communications equipment shall constitute presence in person at such
meeting.

        Section 2.6: Quorum; Vote Required for Action. At all meetings of the
Board of Directors a majority of the total number of authorized directors shall
constitute a quorum for the transaction of business. Except as otherwise
provided herein or in the Certificate of Incorporation, or required by law, the

vote of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

Section 2.7: Organization. Meetings of the Board of Directors shall be presided over by the Chairperson of the Board of Directors, or in such person's absence by the Chief Executive Officer, or in such person's absence by a chairperson chosen at the meeting. The Secretary shall act as secretary of the meeting, but in such person's absence the chairperson of the meeting may appoint any person to act as secretary of the meeting.

Section 2.8: Written Action by Directors. Any action required or permitted to be taken at any meeting of the Board of Directors, or of any committee thereof, may be taken without a meeting if all members of the Board or such committee, as the case may be, consent thereto in writing, by electronic transmission or any other form allowable by law, and the writing or writings, the electronic transmission or transmissions or any other form or format allowable by law are filed with the minutes of proceedings of the Board or committee, respectively. Such filing shall be in paper form if the minutes are maintained in paper form, shall be in electronic form if the minutes are maintained in electronic form and, in any case, shall be in any other format allowable by law and being used to maintain the minutes.

<center>8</center>

<PAGE>

Section 2.9: Powers. The Board of Directors may, except as otherwise required by law or the Certificate of Incorporation, exercise all such powers and do all such acts and things as may be exercised or done by the Corporation.

Section 2.10: Compensation of Directors. Directors, as such, may receive, pursuant to a resolution of the Board of Directors, fees and other compensation for their services as directors, including without limitation their services as members of committees of the Board of Directors.

<center>ARTICLE III</center>

<center>COMMITTEES</center>

Section 3.1: Committees. The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the Corporation. The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee. In the absence or disqualification of a member of the committee, the member or members thereof present at any meeting of such committee who are not disqualified from voting, whether or not such member or members constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in place of any such absent or disqualified member. Any such committee, to the extent provided in a resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation and may authorize the seal of the Corporation to be affixed to all papers that may require it; but no such committee shall have the power or authority in reference to the following matters: (i) approving or adopting, or recommending to the stockholders, any action or matter expressly required by the Delaware General Corporation Law to be submitted to stockholders for approval or (ii) adopting, amending or repealing any bylaw of the Corporation.

Section 3.2: Committee Rules. Unless the Board of Directors otherwise provides, each committee designated by the Board of Directors may make, alter and repeal rules for the conduct of its business. In the absence of such rules each committee shall conduct its business in the same manner as the Board of

Directors conducts its business pursuant to Article II of these Bylaws.

ARTICLE IV

OFFICERS

Section 4.1: Generally. The officers of the Corporation shall consist of a Chief Executive Officer and/or a President, a Secretary, a Treasurer and such other officers as may from time to time be appointed by the Board of Directors. All officers shall be elected by the Board of Directors; provided, however, that the Board of Directors may empower the Chief Executive Officer of the Corporation to appoint officers other than the Chairperson of the Board, the Chief Executive Officer, the President, the Chief Financial Officer or the Treasurer. Each officer shall hold office until such person's successor is elected and qualified or until such person's earlier resignation or removal. Any number of offices may be held by the same person. Any officer may resign at any time upon written notice to the Corporation. Any vacancy

9

<PAGE>

occurring in any office of the Corporation by death, resignation, removal or otherwise may be filled by the Board of Directors.

Section 4.2: Chief Executive Officer. Subject to the control of the Board of Directors and such supervisory powers, if any, as may be given by the Board of Directors, the powers and duties of the Chief Executive Officer of the Corporation are:

(a) To act as the general manager and, subject to the control of the Board of Directors, to have general supervision, direction and control of the business and affairs of the Corporation;

(b) To preside at all meetings of the stockholders;

(c) To call meetings of the stockholders to be held at such times and, subject to the limitations prescribed by law or by these Bylaws, at such places as he or she shall deem proper; and

(d) To affix the signature of the Corporation to all deeds, conveyances, mortgages, guarantees, leases, obligations, bonds, certificates and other papers and instruments in writing which have been authorized by the Board of Directors or which, in the judgment of the Chief Executive Officer, should be executed on behalf of the Corporation; to sign certificates for shares of stock of the Corporation; and, subject to the direction of the Board of Directors, to have general charge of the property of the Corporation and to supervise and control all officers, agents and employees of the Corporation.

The President shall be the Chief Executive Officer of the Corporation unless the Board of Directors shall designate another officer to be the Chief Executive Officer. If there is no President, and the Board of Directors has not designated any other officer to be the Chief Executive Officer, then the Chairperson of the Board of Directors shall be the Chief Executive Officer.

Section 4.3: Chairperson of the Board. The Chairperson of the Board of Directors shall have the power to preside at all meetings of the Board of Directors and shall have such other powers and duties as provided in these Bylaws and as the Board of Directors may from time to time prescribe.

Section 4.4: President. The President shall be the Chief Executive Officer of the Corporation unless the Board of Directors shall have designated

another officer as the Chief Executive Officer of the Corporation. Subject to the provisions of these Bylaws and to the direction of the Board of Directors, and subject to the supervisory powers of the Chief Executive Officer (if the Chief Executive Officer is an officer other than the President), and subject to such supervisory powers and authority as may be given by the Board of Directors to the Chairperson of the Board of Directors, and/or to any other officer, the President shall have the responsibility for the general management the control of the business and affairs of the Corporation and the general supervision and direction of all of the officers, employees and agents of the Corporation (other than the Chief Executive Officer, if the Chief Executive Officer is an officer other than the President) and shall perform all duties and have all powers that are commonly incident to the office of President or that are delegated to the President by the Board of Directors.

10

<PAGE>

      Section 4.5: Vice President. Each Vice President shall have all such powers and duties as are commonly incident to the office of Vice President, or that are delegated to him or her by the Board of Directors or the Chief Executive Officer. A Vice President may be designated by the Board to perform the duties and exercise the powers of the Chief Executive Officer in the event of the Chief Executive Officer's absence or disability.

      Section 4.6: Chief Financial Officer. The Chief Financial Officer shall be the Treasurer of the Corporation unless the Board of Directors shall have designated another officer as the Treasurer of the Corporation. Subject to the direction of the Board of Directors and the Chief Executive Officer, the Chief Financial Officer shall perform all duties and have all powers that are commonly incident to the office of Chief Financial Officer.

      Section 4.7: Treasurer. The Treasurer shall have custody of all monies and securities of the Corporation. The Treasurer shall make such disbursements of the funds of the Corporation as are authorized and shall render from time to time an account of all such transactions. The Treasurer shall also perform such other duties and have such other powers as are commonly incident to the office of Treasurer, or as the Board of Directors or the Chief Executive Officer may from time to time prescribe.

      Section 4.8: Secretary. The Secretary shall issue or cause to be issued all authorized notices for, and shall keep, or cause to be kept, minutes of all meetings of the stockholders and the Board of Directors. The Secretary shall have charge of the corporate minute books and similar records and shall perform such other duties and have such other powers as are commonly incident to the office of Secretary, or as the Board of Directors or the Chief Executive Officer may from time to time prescribe.

      Section 4.9: Delegation of Authority. The Board of Directors may from time to time delegate the powers or duties of any officer to any other officers or agents, notwithstanding any provision hereof.

      Section 4.10: Removal. Any officer of the Corporation shall serve at the pleasure of the Board of Directors and may be removed at any time, with or without cause, by the Board of Directors. Such removal shall be without prejudice to the contractual rights of such officer, if any, with the Corporation.

ARTICLE V

STOCK

      Section 5.1: Certificates. Every holder of stock shall be entitled to

have a certificate signed by or in the name of the Corporation by the
Chairperson or Vice-Chairperson of the Board of Directors, or the President or a
Vice President, and by the Treasurer or an Assistant Treasurer, or the Secretary
or an Assistant Secretary, of the Corporation, certifying the number of shares
owned by such stockholder in the Corporation. Any or all of the signatures on
the certificate may be a facsimile.

        Section 5.2: Lost, Stolen or Destroyed Stock Certificates; Issuance of
New Certificates. The Corporation may issue a new certificate of stock in the
place of any certificate previously

                                     11

<PAGE>

issued by it, alleged to have been lost, stolen or destroyed, and the
Corporation may require the owner of the lost, stolen or destroyed certificate,
or such owner's legal representative, to agree to indemnify the Corporation
and/or to give the Corporation a bond sufficient to indemnify it, against any
claim that may be made against it on account of the alleged loss, theft or
destruction of any such certificate or the issuance of such new certificate.

        Section 5.3: Other Regulations. The issue, transfer, conversion and
registration of stock certificates shall be governed by such other regulations
as the Board of Directors may establish.

                                 ARTICLE VI

                               INDEMNIFICATION

        Section 6.1 Indemnification of Officers and Directors. Each person who
was or is made a party to, or is threatened to be made a party to, or is
involved in any action, suit or proceeding, whether civil, criminal,
administrative or investigative (a "PROCEEDING"), by reason of the fact that
such person (or a person of whom such person is the legal representative), is or
was a director or officer of the Corporation or is or was serving at the request
of the Corporation as a director or officer of another corporation, or of a
partnership, joint venture, trust or other enterprise, including service with
respect to employee benefit plans, shall be indemnified and held harmless by the
Corporation to the fullest extent permitted by the Delaware General Corporation
Law, against all expenses, liability and loss (including attorneys' fees,
judgments, fines, ERISA excise taxes and penalties and amounts paid or to be
paid in settlement) reasonably incurred or suffered by such person in connection
therewith, provided such person acted in good faith and in a manner which the
person reasonably believed to be in or not opposed to the best interests of the
Corporation, and, with respect to any criminal action or proceeding, had no
reasonable cause to believe the person's conduct was unlawful. Such
indemnification shall continue as to a person who has ceased to be a director or
officer and shall inure to the benefit of such person's heirs, executors and
administrators. Notwithstanding the foregoing, the Corporation shall indemnify
any such person seeking indemnity in connection with a Proceeding (or part
thereof) initiated by such person only if such Proceeding (or part thereof) was
authorized by the Board of Directors of the Corporation.

        Section 6.2: Advance of Expenses. The Corporation shall pay all expenses
(including attorneys' fees) incurred by such a director or officer in defending
any such Proceeding as they are incurred in advance of its final disposition;
provided, however, that if the Delaware General Corporation Law then so
requires, the payment of such expenses incurred by such a director or officer in
advance of the final disposition of such Proceeding shall be made only upon
delivery to the Corporation of an undertaking, by or on behalf of such director
or officer, to repay all amounts so advanced if it should be determined
ultimately that such director or officer is not entitled to be indemnified under

this Article VI or otherwise; and provided, further, that the Corporation shall not be required to advance any expenses to a person against whom the Corporation directly brings a claim, in a Proceeding, alleging that such person has breached such person's duty of loyalty to the Corporation, committed an act or omission not in good faith or that involves intentional misconduct or a knowing violation of law, or derived an improper personal benefit from a transaction.

<center>12</center>

<PAGE>

Section 6.3: Non-Exclusivity of Rights. The rights conferred on any person in this Article VI shall not be exclusive of any other right that such person may have or hereafter acquire under any statute, provision of the Certificate of Incorporation, Bylaw, agreement, vote or consent of stockholders or disinterested directors, or otherwise. Additionally, nothing in this Article VI shall limit the ability of the Corporation, in its discretion, to indemnify or advance expenses to persons whom the Corporation is not obligated to indemnify or advance expenses pursuant to this Article VI.

Section 6.4: Indemnification Contracts. The Board of Directors is authorized to cause the Corporation to enter into indemnification contracts with any director, officer, employee or agent of the Corporation, or any person serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, including employee benefit plans, providing indemnification rights to such person. Such rights may be greater than those provided in this Article VI.

Section 6.5: Effect of Amendment. Any amendment, repeal or modification of any provision of this Article VI shall be prospective only, and shall not adversely affect any right or protection conferred on a person pursuant to this Article VI and existing at the time of such amendment, repeal or modification.

<center>ARTICLE VII</center>

<center>NOTICES</center>

Section 7.1: Notice. Except as otherwise specifically provided herein or required by law, all notices required to be given pursuant to these Bylaws shall be in writing and may in every instance be effectively given by hand delivery (including use of a delivery service), by depositing such notice in the mail, postage prepaid, or by sending such notice by prepaid telegram, telex, overnight express courier, mailgram, or facsimile. Any such notice shall be addressed to the person to whom notice is to be given at such person's address as it appears on the records of the Corporation. The notice shall be deemed given (i) in the case of hand delivery, when received by the person to whom notice is to be given or by any person accepting such notice on behalf of such person, (ii) in the case of delivery by mail, upon deposit in the mail, (iii) in the case of delivery by overnight express courier, when dispatched, and (iv) in the case of delivery via telegram, telex, mailgram, or fax when dispatched. Without limiting the manner by which notice otherwise may be given effectively to stockholders, any notice to stockholders given by the Corporation under any provision of the Delaware General Corporation Law, the Certificate of Incorporation, or these Bylaws shall be effective if given by a form of electronic transmission consented to by the stockholder to whom the notice is given. Any such consent shall be revocable by the stockholder by written notice to the Corporation. Any such consent shall be deemed revoked if (i) the Corporation is unable to deliver by electronic transmission two consecutive notices given by the Corporation in accordance with such consent and (ii) such inability becomes known to the Secretary or an Assistant Secretary of the Corporation or to the transfer agent, or other person responsible for the giving of notice; provided, however, the inadvertent failure to treat such inability as a revocation shall not invalidate

any meeting or other action. Notice given pursuant to this Section 7.1 shall be deemed given: (i) if by facsimile telecommunication, when directed to a number at which the stockholder has consented to receive

13

<PAGE>

notice; (ii) if by electronic mail, when directed to an electronic mail address at which the stockholder has consented to receive notice; (iii) if by a posting on an electronic network together with separate notice to the stockholder of such specific posting, upon the later of (A) such posting and (B) the giving of such separate notice; and (iv) if by any other form of electronic transmission, when directed to the stockholder. An affidavit of the Secretary or an Assistant Secretary or of the transfer agent or other agent of the Corporation that the notice has been given in writing or by a form of electronic transmission shall, in the absence of fraud, be prima facie evidence of the facts stated therein.

Section 7.2: Waiver of Notice. Whenever notice is required to be given under any provision of these Bylaws, a written waiver of notice, signed by the person entitled to notice, or waiver by electronic transmission by such person, whether before or after the time stated therein, shall be deemed equivalent to notice. Attendance of a person at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting at the beginning of the meeting to the transaction of any business because the meeting is not lawfully called or convened. Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the stockholders, directors or members of a committee of directors need be specified in any written waiver of notice.

ARTICLE VIII

INTERESTED DIRECTORS

Section 8.1: Interested Directors; Quorum. No contract or transaction between the Corporation and one or more of its directors or officers, or between the Corporation and any other corporation, partnership, association or other organization in which one or more of its directors or officers are directors or officers, or have a financial interest, shall be void or voidable solely for this reason, or solely because the director or officer is present at or participates in the meeting of the Board of Directors or committee thereof that authorizes the contract or transaction, or solely because his, her or their votes are counted for such purpose, if: (i) the material facts as to his, her or their relationship or interest and as to the contract or transaction are disclosed or are known to the Board of Directors or the committee, and the Board of Directors or committee in good faith authorizes the contract or transaction by the affirmative votes of a majority of the disinterested directors, even though the disinterested directors be less than a quorum; (ii) the material facts as to his, her or their relationship or interest and as to the contract or transaction are disclosed or are known to the stockholders entitled to vote thereon, and the contract or transaction is specifically approved in good faith by vote of the stockholders; or (iii) the contract or transaction is fair as to the Corporation as of the time it is authorized, approved or ratified by the Board of Directors, a committee thereof, or the stockholders. Interested or common directors may be counted in determining the presence of a quorum at a meeting of the Board of Directors or of a committee which authorizes the contract or transaction.

ARTICLE IX

MISCELLANEOUS

Section 9.1: Fiscal Year. The fiscal year of the Corporation shall be

determined by resolution of the Board of Directors.

14

<PAGE>

Section 9.2: Seal. The Board of Directors may provide for a corporate seal, which shall have the name of the Corporation inscribed thereon and shall otherwise be in such form as may be approved from time to time by the Board of Directors.

Section 9.3: Form of Records. Any records maintained by the Corporation in the regular course of its business, including its stock ledger, books of account and minute books, may be kept on, or be in the form of, magnetic tape, diskettes, photographs, microphotographs or any other information storage device, provided that the records so kept can be converted into clearly legible form within a reasonable time. The Corporation shall so convert any records so kept upon the request of any person entitled to inspect such records pursuant to any provision of the Delaware General Corporation Law.

Section 9.4: Reliance Upon Books and Records. A member of the Board of Directors, or a member of any committee designated by the Board of Directors shall, in the performance of such person's duties, be fully protected in relying in good faith upon records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of the Corporation's officers or employees, or committees of the Board of Directors, or by any other person as to matters the member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

Section 9.5: Certificate of Incorporation Governs. In the event of any conflict between the provisions of the Corporation's Certificate of Incorporation and Bylaws, the provisions of the Certificate of Incorporation shall govern.

Section 9.6: Severability. If any provision of these Bylaws shall be held to be invalid, illegal, unenforceable or in conflict with the provisions of the Corporation's Certificate of Incorporation, then such provision shall nonetheless be enforced to the maximum extent possible consistent with such holding and the remaining provisions of these Bylaws (including without limitation, all portions of any section of these Bylaws containing any such provision held to be invalid, illegal, unenforceable or in conflict with the Certificate of Incorporation, that are not themselves invalid, illegal, unenforceable or in conflict with the Certificate of Incorporation) shall remain in full force and effect.

ARTICLE X

AMENDMENT

Section 10.1: Amendments. Following the closing of the Initial Public Offering, stockholders of the Corporation holding at least sixty-six and two-thirds percent (66-2/3%) of the Corporation's outstanding voting stock then entitled to vote at an election of directors shall have the power to adopt, amend or repeal Bylaws. Prior to the Initial Public Offering, stockholders of the Corporation holding a majority of the Corporation's outstanding voting stock then entitled to vote at an election of directors shall have the power to adopt, amend or repeal Bylaws. To the extent provided in the Corporation's Certificate of Incorporation, the Board of Directors of the Corporation shall also have the power to adopt, amend or repeal Bylaws of the Corporation.

15

<PAGE>

CERTIFICATION OF AMENDED AND RESTATED

BY-LAWS

OF

FORMFACTOR, INC.

(A DELAWARE CORPORATION)

KNOW ALL BY THESE PRESENTS:

        I, Jens Meyerhoff, certify that I am Secretary of FormFactor, Inc., a Delaware corporation (the "COMPANY"), that I am duly authorized to make and deliver this certification, and that the attached Restated Bylaws are a true and correct copy of the Restated Bylaws of the Company in effect as of the date of this certificate.

Dated: _____, 2002

<div align="right">By: _____</div>

</TEXT>
</DOCUMENT>