IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY McCASLAND, Individually and On Behalf of all Others Similarly Situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>FORMFACTOR, INC., *et al.*,<br><br>          Defendants.<br>                                                                      / | No. C 07-5545 SI<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FRCP 59(e)** |

Plaintiffs have filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the July 14, 2009 judgment. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

Plaintiffs contend that the Court's July 14, 2009 Order Dismissing the Second Amended Complaint contains numerous errors. Plaintiffs assert that the Court erroneously believed that plaintiffs relied principally on the "core business" inference, and that the Court overlooked or undervalued other allegations supporting scienter. However, plaintiffs mischaracterize the Court's order. The July 14, 2009 order addressed plaintiffs' allegations about Harmony in detail, as did the July 25, 2008 order dismissing the original complaint. Contrary to plaintiffs' arguments, the Court's orders dismissing the complaints analyzed whether plaintiffs' allegations, taken as a whole, sufficiently alleged scienter: the Court found that they did not. The July 14, 2009 order addressed *Berson* and *South Ferry*, and the core

operations inference, because plaintiffs relied on those cases in opposition to defendants' motion to dismiss the Second Amended Complaint ("SAC").[1]

Plaintiffs' motion reargues matters that have been exhaustively briefed and argued. Plaintiffs have not demonstrated a basis for relief under Federal Rule of Civil Procedure 59(e), which "offers an extraordinary remedy" and only when "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000) (internal citations and quotations omitted).

Accordingly, the Court DENIES plaintiffs' motion. (Docket No. 92).

**IT IS SO ORDERED.**

Dated: September 14, 2009

SUSAN ILLSTON
United States District Judge

---

[1] Plaintiffs' proposal that they be allowed to proceed on a "revised narrowed SAC," to be reduced 50 pages by removing the accounting allegations entirely, would not solve the problem.